BRATONJA, Respondent, vs. WISCONSIN ICE & COAL COM-
PANY, Appellant.

*November 13—December 11, 1923.*

*Automobiles: Horse-drawn vehicle colliding with automobile hav-
ing right of way: Negligence: Personal injury: Excessive
damages: Reduction.*

1. Where, under sec. 1636—49, Stats. 1921, an automobile had
   the right of way over an ice wagon at the intersection of two
   streets, the driver of the wagon in failing to exercise or-
   dinary care to so manage his team as to prevent a collision
   was negligent as a matter of law.   p. 207.
2. An award of $3,500 for injuries sustained by plaintiff in such
   collision is reduced to $1,500 on the ground that the evidence
   tending to establish substantial injuries of a permanent nature
   was meager and unsatisfactory.   p. 208.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Modi-
fied and affirmed.*

This action was brought to recover damages for injuries
sustained by the plaintiff in a collision between the automo-
bile in which plaintiff was riding and the defendant's ice
wagon at the intersection of Windlake avenue and Becher
street in the city of Milwaukee.   Defendant's ice wagon
was going southwesterly on Windlake avenue.   The auto-
mobile was going east on Becher street.   The tongue of the
ice wagon penetrated the rear portion of the left-hand side
of the automobile in which plaintiff was riding in the back
seat, striking plaintiff and causing personal injuries.   The
testimony in plaintiff's behalf tended to show that just prior
to the collision the driver of the ice wagon speeded up his
horses, causing them to spring forward suddenly, resulting
in the end of the tongue penetrating the side of the automo-
bile as aforesaid.   The car was driven by the plaintiff's host.

The jury returned a special verdict finding that defend-
ant's driver failed to exercise ordinary care in the manage-

Bratonja v. Wisconsin Ice & Coal Co. 182 Wis. 206.

ment and control of the ice wagon and team attached thereto at or immediately before the time of the collision, and assessing plaintiff's damages in the sum of $3,500. From the judgment entered on this verdict defendant appealed.

For the appellant there was a brief by *Freeman & Bendinger* of Milwaukee, and oral argument by *Henry J. Bendinger*.

For the respondent there was a brief by *Cannon, Bancroft & Waldron* of Milwaukee, and oral argument by *L. H. Bancroft*.

OWEN, J. We should find no little difficulty in sustaining the verdict of the jury in the matter of the negligence of the defendant's driver if in order to do so it were necessary to determine that the collision occurred in the manner detailed by plaintiff's witnesses. In view of the fact, however, that under the statute (sec. 1636—49) the automobile had the right of way over defendant's ice wagon at the place of intersection, we cannot disturb the finding of the jury convicting defendant's driver of a want of ordinary care in the management of the team and wagon at and just prior to the time of the collision. The automobile had the right of way over the ice wagon. In the exercise of ordinary care the driver of the ice wagon should have so managed his team as to have prevented the collision. This he failed to do, and he cannot be exonerated from negligent conduct as a matter of law. There is no question of the plaintiff's contributory negligence in the case, so that defendant's liability must be considered as established.

It is urged that the damages awarded by the jury are excessive. The evidence in behalf of the plaintiff tends to show that she sustained a transverse fracture of the ninth and tenth ribs and a longitudinal fracture of the eleventh rib, all on the left side. She was in the hospital about ten days, at the end of which time she was taken home, where

she was confined to her bed for about two months.   It was about four months from the time she was injured until she was able to perform her usual household duties.   At the time of the trial she experienced a pain in her left side when she raised her left arm, was nervous and subject to headaches.   She could not wash or scrub.   Dr. Irving H. Fowle, an expert witness of no little experience, testified that he had examined her a day or two before the trial and found a pulse of 102 and a temperature of 99.6.   He attributed the temperature to an infection, but did not locate the seat of the infection.   He expressed the opinion that there was some adhesion of the lung to the pleura which resulted from the lacerations of the tissues.   He further expressed the opinion that the pain experienced by the plaintiff on her left side will continue, as the adhesions are permanent.

The evidence tending to establish substantial injuries of a permanent nature is most meager and unsatisfactory and falls far short of establishing that fact to a reasonable certainty.   The damages are excessive and should be reduced to $1,500.

*By the Court.*—The judgment is modified by reducing the amount of damages from $3,500 to $1,500 and, as so modified, is affirmed.