Appel, Respondent, vs. Ruggaber and others, Appellants.

*March 8—April 3, 1923.*

*Municipal corporations: Abutting owners: Oil on sidewalk: Constructive knowledge of owner: Evidence: Sufficiency.*

1. In an action against a garage owner for injuries sustained by plaintiff by slipping on oil on the sidewalk in front of defendants' place of business, the burden was on plaintiff to show facts charging defendants with constructive notice of the presence of the oil on the sidewalk.
2. The evidence in this case is insufficient to show constructive notice to defendants of the presence of the oil on the sidewalk, the only direct testimony on the question being that of a police officer who testified that twenty minutes before the accident there was no fresh oil on the sidewalk.

Appel v. Ruggaber, 180 Wis. 298.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

The defendants operate a garage in the city of Milwaukee. The approach to the garage crosses the sidewalk in front thereof. Plaintiff slipped on that portion of the walk used as an approach to the garage and was injured.

This action was brought in the civil court of Milwaukee county to recover damages. The jury returned a special verdict finding (1) that the plaintiff was injured by slipping on oil in front of the approach to defendants' garage; (2) that defendants did not know of the presence of the oil on the sidewalk at the time of the accident; (3) that in the exercise of ordinary care they should have known of the presence of the oil on the sidewalk at the time of the accident; (4) that defendants failed to exercise ordinary care in failing to remove the oil upon which plaintiff slipped; (5) that such want of ordinary care was the proximate cause of plaintiff's injuries; (6) that plaintiff was not guilty of a want of ordinary care which proximately contributed to his injuries; and (7) damages $800.

The trial court changed the answer to the third question, by which the jury found that the defendants in the exercise of ordinary care should have known of the presence of the oil on the sidewalk at the time of the accident, from "Yes" to "No," and rendered judgment in favor of the defendants. Plaintiff appealed to the circuit court. The circuit court, being of the opinion that the jury's answer to question 3 of the special verdict was supported by the evidence, reversed the judgment of the civil court and granted a new trial in the circuit court. From that order defendants bring this appeal.

For the appellants there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *C. Stanley Perry.*

For the respondent there was a brief by *Ruppa & Bortin* of Milwaukee, and oral argument by *John Ruppa.*

Owen, J.    The verdict of the jury establishes the fact that plaintiff slipped on oil on the sidewalk in front of the defendants' garage, of the presence of which defendants had no knowledge but in the exercise of ordinary care should have discovered.    The only question to be considered is whether the finding of the jury in the latter respect has any support in the evidence.    The evidence for the defendants was to the effect that they cleaned the sidewalk every day or at least as often as it was necessary to keep it clean and free of oil, and that there was no oil on the sidewalk the day on which the accident happened.    In view of this practice, the oil could not have remained long on the sidewalk without the knowledge of the defendants, and the finding of the jury that the defendants had no knowledge of the presence of the oil on the sidewalk was equivalent to saying that it had been there but a short time.

The accident occurred about 6 o'clock in the evening.    The policeman on the beat, who testified that it was his duty to report obstructions or defects in sidewalks to abutting property owners, testified that he passed by the garage about 5:40 p. m. and that at that time the walk was in good condition.    He did not see any puddles or pools of oil.    In the written opinion of the circuit judge reversing the judgment of the civil court we find this statement:

"In the written opinion of the trial judge he states that the only evidence bearing upon the length of time that the oil was on the sidewalk was found in the testimony of the police officer.    Such is not the fact.    The witness Sandberg testified that 'there was no oil there; by that I mean there was no oil that had been put there that day or shortly before. I mean in a day or two.'    Taking into consideration the finding of the jury that the plaintiff was injured by slipping on oil which was on the sidewalk at the time, it would be reasonable for the jury to draw the inference from Sandberg's testimony that the oil had been there for a day or two, which would be sufficient time to charge the defendants with notice."

This is true.    But, under all the evidence in the case, if

the jury found that the oil had been on the walk for a day or two, they could not have found that the defendants did not have actual notice. The finding of the jury that the defendants did not have actual notice indicates that the oil on which plaintiff slipped could not have been on the walk for a day or two. The burden was on plaintiff to show facts charging defendants with constructive notice, and, as stated in the opinion of the trial judge, the only evidence bearing on the question is the testimony of the police officer, who states that there was no fresh oil on the sidewalk twenty minutes before the accident occurred. There is an absence of evidence to show that the oil had been upon the sidewalk for a sufficient length of time to charge the defendants with constructive notice of its presence. The circuit court should have affirmed the judgment of the civil court.

*By the Court.*—The order appealed from is reversed, and cause remanded with instructions to affirm the judgment of the civil court.