LUNDGREN, Appellant, vs. GIMBEL BROS., INC., Respondent.

*October 15, 1926—January 11, 1927.*

*Negligence: Slippery substance spilled on stairway: Liability of owner of building: Where owner had no actual or constructive knowledge of condition of stairway.*

1. No breach of duty was shown by the defendant store toward one employed in an independent department who fell on a temporary stairway used by the employees of the store and the general public, the fall being caused by a slippery substance spilled on one of the lower steps, where there was no evidence either that it was spilled through the carelessness

of any of defendant's employees or that it had been there such a length of time that the defendant, in the exercise of ordinary care, should have known of its existence and removed it. p. 523.

2. The fact that the substance on the stairs was the cause of the fall, without proof that the defendant corporation knew of it, actually or constructively, did not make it liable. p. 523.

   Owen, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: August E. Braun, Circuit Judge. *Affirmed.*

Plaintiff's wife, while employed by one having a department in defendant's store, was injured through a fall down part of a flight of stairs that was temporarily maintained in its building in Milwaukee while an addition was being built.

The stairway was then and for some time had been used by defendant's employees in carrying foodstuffs to its cafeteria, including salad dressing in bowls. On this occasion and some time between noon and 2 o'clock, a space of about five inches on the next to the lowest step was covered with salad dressing which caused the fall. Mrs. Lundgren testified that there was no broken glass or material surrounding or near the salad dressing. The stairway was for the use of the general public visiting the store as well as for defendant's employees and plaintiff's wife.

The trial court granted a nonsuit, and from the judgment in defendant's favor plaintiff appeals.

For the appellant there was a brief by *Brennan & Lucas* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Harold A. Hartman,* all of Milwaukee.

The following opinion was filed November 9, 1926:

Eschweiler, J. No evidence was offered or contention made that the stairway in question was dangerous on account of being unlighted or of improper construction. Be-

cause there was no evidence showing that through any carelessness of any of defendant's employees the slippery substance was spilled on the step and no evidence that it had been there, prior to plaintiff's fall, any such appreciable length of time that the defendant, in the exercise of ordinary care in the supervision of such matters, should have known of its existence and thereby become charged with the duty of removing it, the trial court held, and we think rightly, that there was no showing of a breach by defendant of any duty it owed to the plaintiff's wife.

The liability of the defendant for such a circumstance cannot be based upon the mere fact of the depositing of such substance on the stairway, but would arise because of failure to promptly remove the same after actual or constructive notice of its existence.   There was here no showing of either. If it had been left there by one of defendant's employees, that fact would have been material in charging defendant with actual and immediate notice of its existence; if by some third person, then actual or constructive notice to defendant of its presence must be shown, the duty to remove being the same in either instance.

This case is ruled by such decisions as *Appel v. Ruggaber,* 180 Wis. 298, 301, 192 N. W. 993; *Kaszubowski v. Johnson S. Co.* 151 Wis. 149, 154, 138 N. W. 54; *Zugbie v. J. R. Whipple Co.* 230 Mass. 19, 119 N. E. 191; *Norton v. Hudner,* 213 Mass. 257, 100 N. E. 546; *Graham v. F. W. Woolworth Co.* (Tex. Civ. App.) 277 S. W. 223.   See note 33 A. L. R. 181.

*By the Court.*—Judgment affirmed.

The following opinion was filed November 17, 1926:

OWEN, J. (*dissenting*).   It is a verity in the case that the stairway in question was used by the employees of defendant in carrying food to its public cafeteria.   This not only justifies but compels the inference that the salad dressing

upon the step which caused plaintiff to slip came from a bowl or dish carried by defendant's employees. Whether the presence of the salad dressing upon the step was due to the negligence of an employee or to an unavoidable accident, the further inference may be indulged that the employee knew what happened and that such employee had knowledge of its presence upon the step. This knowledge was knowledge of the defendant. The stairs were in constant use by the patrons of the cafeteria, and whether the defendant acted with sufficient promptness in eliminating the condition so dangerous to those using the stairs was, in my opinion, a question for the jury.

A motion for a rehearing was denied, with $25 costs, on January 11, 1927.