KACZMARSKI, Appellant, vs. F. ROSENBERG ELEVATOR COMPANY and others, Respondents.

*November 9—December 4, 1934.*

554

556

For the appellant there were briefs by *Kleczka & Stein-hilber* and *Gold & McCann,* and oral argument by *John C. Love,* all of Milwaukee.

*Charles H. Gorman* of Milwaukee, for the respondent F. Rosenberg Elevator Company.

For all the other respondents there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles.*

FOWLER, J.  The appellant contends that the safe-place statute applies to the situation disclosed by the statement of facts; that both, (1) the elevator company, and (2) the owners of the building are liable under that statute; that (3) the elevator company is liable on common-law grounds independent of the safe-place statute; and that the court therefore

erred in granting the nonsuit against the owners and in not granting judgment in his favor against the elevator company upon the verdict returned by the jury. The respondents claim, (4) that the appellant was guilty of contributory negligence as matter of law, and that as the accident occurred prior to the enactment of the comparative negligence statute, the judgment should be sustained on that ground regardless of other matters. They also contend that the safe-place statute does not apply, and that the evidence does not establish common-law liability. The elevator company contends further, (5) that the evidence does not support the finding that it made the wire connection to the controller of the motor. These propositions will be taken up in the reverse order of their statement.

(4) (5) Neither the finding of contributory negligence nor the finding that the elevator company made the improper connection of the wires to the controller may be attacked by respondents in support of the judgment because they did not move for a review of those findings and give notice of their motion as required by sec. 274.12, Stats. *Noll v. Nugent,* 214 Wis. 204, 252 N. W. 574.

(3) The trial court ruled that neither the elevator company nor the owners could be held liable on common-law grounds. This was clearly error as applied to the elevator company. This is contrary to the holding in *Waskow v. Robert L. Reisinger & Co.* 180 Wis. 537, 193 N. W. 357, wherein an owner was held liable under the safe-place statute for absence of a railing and a contractor was exonerated under the statute, but held liable on common-law grounds for the defective fastening of a door-knob, where the absence of the railing and the defective fastening of the door-knob combined to cause an injury. The ruling of the trial court above stated was based entirely on *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800, which held that where a plaintiff was in the defendant's building on business of his own in which the

defendant had no interest and used an elevator with the permission of the owner, he was a mere licensee, and the owner sustained no liability in the absence of active negligence for injuries received by the plaintiff while he was using the elevator. This may have been correct as to the owners of the building, but is not in point as to the elevator company because, if as found by the jury it made the improper connection, it was guilty of active negligence as matter of law in not testing the wiring to the controller to ascertain the direction in which the motor moved and in leaving the elevator without locking it or otherwise putting it in condition so that it could not be used. Every witness who knew or pretended to know anything about the matter testified that it was the duty of the person who connected the cut-out switch with the controller of the motor to make the test. Failure of this duty was negligence as matter of law. That this negligence caused the injury is also a matter of law. In the situation disclosed by the undisputed evidence, that injury was likely to result from an attempt to use the stop-lock to stop the elevator should have been anticipated, is also matter of law. We are of opinion, therefore, that under the two findings of the jury that the plaintiff was not guilty of contributory negligence, and that the elevator company made the improper connection, judgment should have been entered upon common-law grounds against the elevator company for the damages assessed.

(2) We are of opinion that the trial court was correct in ruling that the safe-place statute does not apply to the owners of the building. It has been held in several cases that an employer is not liable under the safe-place statute unless he has actual or constructive notice of a condition of maintenance that renders a place of work unsafe. The same rule in reason applies to owners. This rule has been applied in case of a person injured by stepping on a banana peel on a stairway, *Lundgren v. Gimbel Bros.* 191 Wis. 521, 210 N. W. 678; and one injured through lights being out at a stairhead,

*Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595. This rule was also applied to an owner in a case of injury through lights being out at a stairhead of a leased restaurant, *Kinney v. Luebkeman,* 214 Wis. 1, 252 N. W. 282. It is said in the *Pettric Case, supra,* p. 293 :

"It would seem that in order to make an employer liable for defects *in the nature of repair or maintenance* he should have either actual or constructive notice of such defects. Natural principles of justice would seem to require that. Such principles of justice are recognized by the common law, as indicated in *Lundgren v. Gimbel Bros.* 191 Wis. 521, 210 N. W. 678, and cases cited therein. This is so in accord with the natural instincts of justice that a contrary purpose should not be imputed to a legislative act in the absence of an unequivocal declaration of such purpose. We therefore consider that the legislative purpose will be given full scope if the language of the statute be interpreted in accordance with these natural principles of justice, and hold that the duty of the employer to repair or maintain his place of employment does not arise until he has either actual or constructive notice of the defect."

The case of *Waskow v. Robert L. Reisinger & Co., supra,* is relied on by the appellant in support of his contention that the owner is responsible for conditions rendering a building in process of erection unsafe. The unsafe condition on which rested the ruling of that case that the owner was so responsible was the absence of a guard-rail at the top of an elevator well, which had been put in place by a contractor and afterwards removed. There the condition was open to observation. The condition here was not perceptible to view. It should not be presumed that the legislature by the safe-place statute intended to impose on owners of a building acts impossible of performance or discovery of defects entirely latent in machines or appliances placed in the building by contractors or tenants. The defect here involved was such a defect and was one of maintenance. The improper wiring

had been made either on the morning of appellant's injury or the day before. The owners had no knowledge of it. Time had not elapsed or anything occurred since the wiring had been made sufficient to support a finding of constructive notice. For the same reason, the owners are not liable on common-law grounds.

(1) As we have determined that upon the verdict as returned by the jury the appellant is entitled to judgment against the respondent elevator company on common-law grounds, there is no need to discuss the contention that the elevator company is also liable upon the verdict under the safe-place statute.

*By the Court.*—The judgment of the circuit court is reversed as to the defendant, F. Rosenberg Elevator Company; and the cause is remanded with directions to enter judgment upon the verdict for the plaintiff against said defendant. The judgment of nonsuit against the other defendants is affirmed.