HAYES and another, Respondents, vs. ROFFERS and another, Appellants. [Two cases.]

*January 8—February 5, 1935.*

*Harold W. Krueger* of Oconto, for the appellants.

For the respondents there was a brief by *Allan V. Classon,* attorney, and *Tom Donoghue* of counsel, both of Oconto, and oral argument by *Mr. Donoghue.*

WICKHEM, J. The injuries to the plaintiff Margaret Hayes were the result of a collision between a milk delivery truck owned by the plaintiff William Hayes and driven by his daughter, the plaintiff Margaret Hayes, and the truck of Oconto county, at that time operated by the defendant Mike Roffers. Both cars were proceeding in a westerly direction along Highway No. 22, near the city of Oconto. Roffers' truck was loaded with dirt about twenty-eight hundred feet east of the point of collision, and was driving to a point in the highway where some filling operations were proceeding. The plaintiff's truck was driving a short distance to the rear of the Roffers truck. At a point some one hundred to two hundred feet from the place where he intended to dump his load, Roffers crossed to the left-hand side of the road, and then swung back to the right-hand side of the road, preliminary to backing his truck and delivering

his load. Upon Roffers' operation of his truck to the left side of the road, Margaret Hayes continued on the right side of the road, striking the Roffers truck when it had returned to the right side of the road. The jury found that Roffers was negligent with respect to lookout and control, but that this negligence was not a cause of the collision. The jury found that the plaintiff Margaret Hayes was negligent with respect to lookout and control, and also with respect to following the Roffers truck more closely than was reasonable and prudent. These items of negligence were found to have been causes of the collision. The questions under the comparative negligence act were also answered, and the jury held that ninety per cent of the negligence which produced the collision was attributable to Margaret Hayes, and ten per cent to Mike Roffers.

The trial court filed a memorandum in which it stated that there is a patent inconsistency in the verdict that cannot be remedied by a change of answer by the court. This inconsistency arises out of the fact that while the jury found that Roffers' negligence did not contribute causally to the collision, they also found that ten per cent of the negligence inducing the collision was attributable to Roffers. While the verdict is plainly inconsistent, the inconsistency is wholly immaterial unless the verdict be held to be perverse. The jury found that plaintiff was guilty of causal negligence, and that this negligence constituted ninety per cent of all that involved in the collision. As long as this finding stands, it is of no consequence that the jury became confused in their answer to the question relating to the degree of defendant's causal negligence, and as a consequence attributed ten per cent of this to him. The reason for the inconsistency is plain enough. The eighth question reads as follows:

"If you find that the defendant Mike Roffers was negligent in his manner of operating his truck then answer this

question: What proportion of all the negligence of all persons which produced the collision is attributable to Mike Roffers?"

The preliminary direction required the jury to answer the question if they had theretofore found negligence on the part of defendant, while the question itself properly limits the inquiry to the percentage of causal negligence. Having already found defendant to have been negligent, the jury responded to the direction and answered the question. We are satisfied that they could fall into this error without tainting the verdict with perversity. It follows that the order granting a new trial cannot be sustained upon the ground assigned by the trial court.

In the absence of a motion to review, the questions whether the evidence sustains the findings that ninety per cent of the causal negligence was attributable to plaintiff, and that defendant's negligence was not a cause of the collision, as well as the question whether the damages assessed are not grossly inadequate, are not before this court, and plaintiff is not entitled to have reviewed the court's denial of motions grounded upon these contentions. *Kaczmarski v. F. Rosenberg Elevator Co.* 216 Wis. 553, 257 N. W. 598; *Noll v. Nugent,* 214 Wis. 204, 252 N. W. 574.

While this court, under the provisions of sec. 251.09, Stats., doubtless has the power, even in the absence of a motion to review, to order a new trial when it appears probable that justice has miscarried, this power is exercised "with some reluctance and with great caution." *Jacobsen v. State,* 205 Wis. 304, 237 N. W. 142. The fact that there is no motion to review certainly ought to increase rather than diminish this reluctance and caution. Without indulging in an extended discussion of the facts, we simply state our conclusion that in view of the plaintiff's knowledge of the highway operations in the vicinity of the collision, the jury was

entitled to conclude that her injuries were principally the result of her failure to keep a proper lookout and the operation of her car too close to that of defendant. The latter item of negligence was of special importance since there was testimony from which the jury could conclude that plaintiff was so close to defendant's truck as not to be discoverable by use of the rear-vision mirror. It was this circumstance that doubtless led to the jury's finding that defendant's failure to maintain a lookout was not a cause of the collision. While the damages are conservative, they are not so inadequate as to indicate .passion and prejudice. The situation here is quite different from that presented in *Mauermann v. Dixon, ante,* p. 29, 258 N. W. 352, where both defendants were to a substantially equal extent invading the left side of the road. A finding that the negligence of one defendant was, and that that of the other was not, a cause of the collision, was so patently perverse as to call for a reversal under the general powers of the court. It may be added that in this case the matter was properly before this court upon the appeal of the defendant, who sustained prejudice as a result of the verdict. The facts as disclosed by the record do not raise the grave doubts as to the justice of the result essential to an exercise of this court's discretionary power of reversal.

*By the Court.*—Order reversed, and causes remanded with directions to dismiss plaintiff's complaint in each.