SCHROEDER and another, Respondents, vs. GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant.

*February 6—March 3, 1936.*

For the appellant there was a brief by *A. C. Neilson* and *Arthur Wickham,* both of Milwaukee, and oral argument by *Mr. Wickham.*

*Harold Shapiro* of Milwaukee, for the respondents.

MARTIN, J. From the findings of fact it appears that on the night of March 28, 1934, defendant's manager, in the ordinary course of his duties, spread a substance consisting of a floor-cleaning compound, which had been dipped in a liquid, upon the floor of its store; that the floor-cleaning compound was swept up the morning of March 29th. Overnight the floor absorbed some of the liquid from the compound, thus creating a slippery condition of the floor; that the plaintiff entered the store at about 11:45 a. m. on March 29, 1934, for the purpose of making some purchases and made purchases of the defendant's manager while in said store; that while she was upon that portion of the premises ordinarily reserved for customers, she slipped on the floor, fell, and sustained injuries.

The trial court found defendant negligent in failing to keep the floor of its store in a reasonably safe condition, in permitting it to remain in an oily and slippery condition, and that such negligence was the proximate cause of plaintiff's injuries; also found that plaintiff was not guilty of any negligence which contributed to her injury. The circuit court affirmed the findings and judgment of the civil court.

The judgment must stand unless this court can say that the facts as found below are against the great weight and clear preponderance of the evidence. *Bauer v. Franklin State Bank,* 216 Wis. 507, 511, 257 N. W. 456, and cases there cited.

The defendant's duty, in the premises, is determined by the relationship of the parties. On the facts disclosed, it was that of inviter and invitee. There was a mutuality of interest in Mrs. Schroeder's being in defendant's store as one

of its customers. Under the conceded facts, the rule of ordinary care applies. *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834; *Campbell v. Sutliff,* 193 Wis. 370, 214 N. W. 374. In Restatement, Torts, p. 943, § 343, comment *e,* it is stated:

"In determining the extent of preparation which a business visitor is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance. One who enters a private residence even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors. *On the other hand, one entering a store,* theater, office building or hotel, is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors."

In *Lundgren v. Gimbel Bros.* 191 Wis. 521, 210 N. W. 678, the plaintiff, an employee, was injured through a fall down a flight of stairs in defendant's building, caused by a slippery substance spilled on one of the lower steps. The stairway was used both by customers and employees. The court said:

"The liability of the defendant for such a circumstance cannot be based upon the mere fact of the depositing of such substance on the stairway, but would arise because of failure to promptly remove the same after actual or constructive notice of its existence. There was here no showing of either. If it had been left there by one of defendant's employees, that fact would have been material in charging defendant with actual and immediate notice of its existence; if by some third person, then actual or constructive notice to defendant of its presence must be shown, the duty to remove being the same in either instance."

In *Appel v. Ruggaber,* 180 Wis. 298, 192 N. W. 993, the action was against a garage owner for injuries which plaintiff sustained by slipping on oil on the sidewalk in front of

defendant's garage. Action was tried in the civil court of Milwaukee county. The jury returned a special verdict finding: (1) That the plaintiff was injured by slipping on oil in front of the approach to defendant's garage; (2) that defendant did not know of the presence of the oil on the sidewalk at the time of the accident; (3) that in the exercise of ordinary care they should have known of the presence of the oil on the sidewalk at the time of the accident; (4) that defendant failed to exercise ordinary care in failing to remove the oil upon which plaintiff slipped; (5) that such want of ordinary care was the proximate cause of plaintiff's injury; (6) that plaintiff was not guilty of a want of ordinary care which proximately contributed to his injuries; and (7) assessed plaintiff's damages at $800. After verdict, the trial court changed the answer to the third question of the special verdict from "Yes" to "No," and rendered judgment in favor of the defendants. Upon appeal to the circuit court, that court, being of the opinion that the jury's answer to the third question was supported by the evidence, reversed the judgment of the civil court and granted a new trial, from which order defendants appealed. This court said:

"The finding of the jury that the defendants did not have actual notice indicates that the oil on which plaintiff slipped could not have been on the walk for a day or two. The burden was on plaintiff to show facts charging defendants with constructive notice, and, as stated in the opinion of the trial judge, the only evidence bearing on the question is the testimony of the police officer, who states that there was no fresh oil on the sidewalk twenty minutes before the accident occurred. There is an absence of evidence to show that the oil had been upon the sidewalk for a sufficient length of time to charge the defendants with constructive notice of its presence. The circuit court should have affirmed the judgment of the civil court."

Appellant's counsel contends that mere slipperiness does not constitute negligence, and in support of such contention cites *Steele v. Chippewa Falls*, 217 Wis. 1, 258 N. W. 181.

In this case the plaintiff, a pedestrian, slipped on an icy, sloping, sidewalk, the surface of which was uneven solely because of indentations made in the soft snow by travelers and a subsequent freezing. Since the condition of the surface of the sidewalk was due wholly to natural causes, and did not constitute an obstruction, nor a defect in the way of want of repair or want of sufficiency of the sidewalk, the trial court granted a nonsuit, which judgment was affirmed on appeal.

Counsel also cites *Greenfield v. Miller,* 173 Wis. 184, 180 N. W. 834, to the same proposition. In this case plaintiff sought to recover damages for injuries sustained by falling on the floor in the residence of the defendant. The residence had been completed a short time prior to the accident, and the floors were of hardwood, highly polished and slippery. The plaintiff, in going through the corridor, stepped on a little rug, which gave way under her, causing her to fall, and causing severe injury. The trial court directed a verdict in favor of the defendant on the ground that there was no breach of any duty owing from the defendant to the plaintiff. On appeal, this court affirmed the judgment, saying:

"The court is of the opinion that in the instant case the relation of licensor and licensee . . . existed under the general rule that where a guest is invited to come into the premises of the host for social or benevolent purposes only, the relation thus created is one of licensor and licensee *and the rule of ordinary care does not apply.*"

The relation between the parties in the case at bar is that of inviter and invitee. The rule of ordinary care being applicable, it was for the trial court, on all the evidence, to determine whether defendant was negligent in causing and permitting the floor of its store to be in such a slippery condition and unsafe for customers walking thereon. There is a sharp conflict in the evidence given by the several witnesses relative to the condition of the floor on the day plaintiff was injured. Several of the plaintiffs' witnesses testified the

floor was freshly oiled. Another witness for plaintiffs testified that she slipped on the floor at about the time plaintiff was injured, and she observed the floor had been oiled. The defendant's manager testified that the night before plaintiff was injured he put upon the floor a mixture of sawdust and oil. It was left on the floor overnight and swept up the following morning. He was asked:

"*Q.* Was there any oil or any foreign substance from that compound which was left on the floor? *A.* Not any more than the floor had absorbed."

Defendant's superintendent testified that oiling a floor has a tendency to make it slippery. This, of course, is obvious. Several defense witnesses testified that the floor was not slippery and that it had not been freshly oiled.

One who keeps a store or shop is bound to exercise reasonable care to keep it in a safe condition for his customers and others whom he invites, expressly or impliedly, to enter on business with him. *McIntyre v. Holtman*, 193 Minn. 439, 258 N. W. 832; *F. W. Woolworth Co. v. Brown*, 258 Ky. 29, 79 S. W. (2d) 362; *H. F. Hohlt Co. v. Routt* (Tex. Civ. App.), 48 S. W. (2d) 386; *McNeil v. Wm. G. Brown Co.* (C. C. A.) 22 Fed. (2d) 675; *Abramson v. W. T. Grant Co.* 12 N. J. Misc. 192, 170 Atl. 815; *Ward v. Avery*, 113 Conn. 394, 155 Atl. 502; *F. W. Woolworth Co. v. Saxton*, 39 Ohio App. 118, 177 N. E. 219; *S. H. Kress & Co. v. Dyer* (Tex. Civ. App.), 49 S. W. (2d) 986; *Robinson v. F. W. Woolworth Co.* 80 Mont. 431, 261 Pac. 253; *Brown v. Holzwasser, Inc.*, 108 Cal. App. 483, 291 Pac. 661. For further cases, see annotations in 33 A. L. R. 181; 43 A. L. R. 866; 46 A. L. R. 111; 58 A. L. R. 136.

From a careful examination of the record, we conclude that the findings are sustained by the evidence.

*By the Court.*—Judgment affirmed.