DIERKES, Respondent, vs. WHITE PAVING COMPANY, Appellant. [Two cases.]

*December 6, 1938—January 10, 1939.*

For the appellant there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

For the respondents there was a brief by *Herman J. Scholl* and *Eugene L. McIntyre,* both of Milwaukee, and oral argument by *Mr. McIntyre.*

WICKHEM, J.   The principal claim of defendant is that the verdict is not sustained by the evidence either on the issue of negligence or violation of safe-place statutes, sec. 101.01 *et seq.,* Stats. 1935.   This contention requires an examination of the evidence in some detail.   The accident happened at the intersection of Twenty-Seventh and Vliet streets in the city of Milwaukee.   Twenty-Seventh street was under construction, and defendant had a contract for this work. The street in the vicinity of the accident had been excavated

and as a result there was a drop of about one foot from the flange of the curb to the street. The intersection of Twenty-Seventh and Vliet streets continued to be a regular stopping place for streetcars which continued to operate in the center of the street, and passengers were discharged at this intersection. On the day of the accident Marie Dierkes had gone out to do some shopping, accompanied by her little girl. Returning home with some groceries under her arm, she had occasion to cross the street at Twenty-Seventh and Vliet. She claims that it had been raining during the night, that the excavated portion of the street was muddy, and that a single 2x12 plank had been placed between the curb and the streetcar tracks; that the plank looked to be in good condition when she stepped on it, but that it cracked when she was about in the middle, throwing her forward and causing her to bruise her knees and injure her ankle, as well as forcing the bundle of groceries against her abdomen. Plaintiff described the board as a single plank, twelve inches wide, two inches thick, and about eighteen feet long. Testimony offered by defendant was to the effect that its practice when the street was muddy was to lay planks between the curb and streetcar tracks, but that single planks were never used; that two twelve-inch planks were cleated together side by side to furnish a passageway. Defendant's evidence is further to the effect that planks were occasionally laid by others. Plaintiff testified that at the time of the accident she was about three and one-half months pregnant, and that about one month to one and one-half months after the accident she sustained a bursting of the amniotic sac, which she attributes to the fall. She claimed to have suffered from some bleeding several days after the accident, and to have noticed a pulling in the region of her abdomen three or four days after the accident. She was later delivered of a full-term child which lived.

The foregoing is all the evidence there is to support this case. We discover no evidence, (1) that the plank was placed in the street by defendant; or (2) that defendant had any reason to know that it was in the street. The only evidence is that this was a single plank long enough to extend from the flange of the curb to the streetcar tracks, a distance of about eighteen feet. The only evidence with respect to the defendant's activities is that when the street was muddy it customarily laid double planks cleated together side by side for the convenience of foot passengers. The testimony is that it never used single planks, but that others occasionally laid planks at the intersection. The situation then amounts to this. A single plank was laid upon this intersection; the defendant never laid anything but double planks fastened together. We are asked to permit the jury to infer that defendant laid the single plank. This we cannot do. The desired conclusion is not supported by the premise. It will not do to assert that the jury may have disbelieved the testimony that double planks were invariably laid by defendant. That does not create evidence—it destroys defendant's evidence without leaving any residue of proof that the planks in question were laid by defendant. Here the plank was not preserved, identified, or traced to its source. We have nothing to go on except evidence of customary procedures by defendant, and these do not include the setting out of single planks. In view of the fact that defendant's operations extended for four fifths of a mile, the possibility of planks having been placed by others cannot reasonably be rejected, and this puts the entire issue of fact within the field of conjecture or guess. This makes applicable the doctrines of the following cases: *Musbach v. Wisconsin Chair Co.* 108 Wis. 57, 84 N. W. 36; *Berlick v. Ashland Sulphite & Fiber Co.* 93 Wis. 437, 67 N. W. 712; *Stafford v. Chippewa Valley Electric R. Co.* 110 Wis. 331, 85 N. W. 1036; *Sorenson v. Menasha Paper & Pulp Co.* 56 Wis. 338, 14 N. W. 446;

*Reichert v. Rex Accessories Co.* 228 Wis. 425, 279 N. W. 645; *Lansing v. John Strange Paper Co.* 227 Wis. 439, 278 N. W. 857; *Bergeler v. Waukesha Gas & E. Co.* 165 Wis. 68, 160 N. W. 1076; *Spencer v. Chicago, M. & St. P. R. Co.* 105 Wis. 311, 81 N. W. 407; *Mayer v. Hipke,* 183 Wis. 382, 197 N. W. 333; *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736; *Quass v. Milwaukee G. L. Co.* 168 Wis. 575, 170 N. W. 942.

There being no evidence that will warrant the inference that defendant set out the plank, the only remaining question is whether the evidence will sustain a conclusion that defendant in the exercise of ordinary care should have known that it was in the street. We assume, without deciding, that if it was or should have been seen, the unsafe condition of the intersection should have been discovered. It is not claimed that the board was defective in quality or condition, but that a single, unbraced plank to cover a span of nearly eighteen feet, there being no ground support except at the ends of the plank and only the natural strength of the board to support it in the middle, was plainly inadequate for the purpose and dangerous to pedestrians. The difficulty which makes it impossible to give an affirmative answer to this question is that there is no evidence as to when or under what circumstance the plank was placed in the street. In view of the extent of the improvement, we cannot exclude a reasonable possibility that the plank may have been set out at such a time and under such circumstances as to have made it impossible for defendant to have discovered it in time to remedy the situation and avoid the accident. This being true, we are forced to conclude that in the state of the record, the jury could only dispose of this issue favorably to plaintiff by the process of guess or conjecture.

The foregoing disposes of this appeal both on the issue of negligence and that in respect to violation of the safe-place statute. If the evidence does not warrant the inference that

defendant in the exercise of ordinary care should have discovered and remedied the defect, there are no grounds upon which to predicate negligence. As to the safe-place statute, it is the rule that an employer is not liable unless he has actual or constructive notice of a condition of maintenance that renders a place of work unsafe. *Kaczmarski v. F. Rosenberg Elevator Co.* 216 Wis. 553, 257 N. W. 598; *Lundgren v. Gimbel Bros.* 191 Wis. 521, 210 N. W. 678; *Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595. Since the liability here asserted was that of an employer to a frequenter for failure to maintain a safe place of employment, the doctrine is applicable here, and as applied to the facts compels the conclusion that plaintiff failed as a matter of law to establish a violation of the safe-place statute.

These conclusions make it unnecessary to consider other assignments of error by defendant.

*By the Court.*—Judgments reversed, and causes remanded with directions to dismiss plaintiffs' complaints.