REIHER, Respondent, vs. MANDERNACK, Appellant.

*April 9—May 7, 1940.*

For the appellant there were briefs by *Bendinger, Hayes, Kluwin & Schlosser* of Milwaukee, and oral argument by *John H. Schlosser*.

*Vilas H. Whaley* of Racine, for the respondent.

FAIRCHILD, J. The verdict below declared that respondent's fall was due to his stepping in water which in some negligent way came upon the portion of the bowling floor over which respondent had to pass in taking his part in the bowling game. The length of time the water was on the runway does not appear. The trial court denied the defendant's request for a question in the special verdict as to the length of time prior to the accident that the water was present on the runway, on the ground that there was no evidence from which the jury could make a finding as to the length of time the water was on the runway.

"It is the general rule that the owner of a place of amusement is not an insurer of the safety of the patrons but owes

to them only what under the particular circumstances is ordinary or reasonable care." *Emerson v. Riverview Rink & Ballroom,* 233 Wis. 595, 598, 290 N. W. 129, 130. See also 22 A. L. R. 613; 98 A. L. R. 557.

The respondent asserts that the water came when the caretaker was replacing the cuspidors at 11:30 a. m., but the evidence does not show that nor is it a reasonable inference to be drawn from the facts established. The person who cleaned the cuspidors testified positively there was no spilling and another employee of the appellant made an inspection some time before the bowling began and testified the alleys were in a proper condition. To be liable the defendant must have had actual or constructive notice of the presence of the water on the runway. *Pettric v. Gridley Dairy Co.* 202 Wis. 289, 232 N. W. 595; *Kaczmarski v. F. Rosenberg Elev. Co.* 216 Wis. 553, 257 N. W. 598; *Dierkes v. White Paving Co.* 229 Wis. 660, 283 N. W. 446. Constructive notice is chargeable only where the condition has existed for an "appreciable length of time." *Lundgren v. Gimbel Bros.* 191 Wis. 521, 210 N. W. 678, and cases cited. There was no actual notice alleged or proved.

If there is any connection between the water spilled upon the runway and the cuspidor, it lies in the possibility of the cuspidor being sufficiently jarred so as to cause some of its contents to spill over on the floor. The mere fact that a cuspidor was there did not constitute negligence *per se,* because cuspidors so placed behind newel posts are customary, usual, and useful accessories to bowling alleys frequented by men. Because of the possibility of the cuspidors being jostled by someone's foot, it is the usual practice to have a very small amount of water in them. Maintaining them in such a condition is not negligence. But filling them to the brim so that any slight touch would cause a spilling may be negligence. The question of whether or not the cuspidor was filled too full was not presented to the jury. Because

of this, reference to the special verdict and the instructions which do not amplify or modify the special verdict as submitted, will show that the underlying question was not clearly placed before the jury. Cuspidors are usual in bowling alleys and are customarily placed behind the newel posts as was the cuspidor in question. Unless some negligence exists in the maintenance of the cuspidor, no actionable negligence exists. The trial court proceeded upon the theory that cuspidors are not generally in use under the same or similar circumstances by bowling-alley proprietors. This error appears from the first question of the special verdict inquiring as to a want of ordinary care on appellant's part in permitting a cuspidor with water in it to stand upon the runway. The evidence shows it to be common practice to have the cuspidors present and to have water in them. The amount of water is by this same evidence required to be limited so as to reduce the likelihood of a spilling. The investigation then must turn to the amount of water placed in it. As to that there was a decided dispute in the evidence. The one who filled the cuspidors testified that he placed not to exceed one half an inch of water in them. If true, that would remove the element of negligence. The appellant who had been a proprietor of these bowling alleys and operated them for some twenty years, testified: "If a cuspidor were filled full the water would get over the alley; we have not more than an inch of water in each cuspidor for that reason." He instructed his employees never to put more than an inch of water in the cuspidors. Testimony to the contrary was offered by the respondent to the effect that after the accident occurred the cuspidor was found to be filled in excess of the inch and up near to its flange.

If the water came from any other source but the cuspidor, respondent's cause of action has not been established, because there is no proof of the length of time the water was there upon which to base a holding that the defendant knew or

should have known of its presence so that a failure to act under the circumstances was negligence. *Lundgren v. Gimbel Bros., supra.*

As pointed out, the jury was directed to determine whether or not a cuspidor with *any* water in it placed here would be negligence. The custom generally followed in the business would compel a negative answer to that question. But if the cuspidor were overfilled, a different situation might exist as to negligence. The owner owes a duty of ordinary care— "such care as those employed in the like kind of business ordinarily exercise or ought to exercise, and not the care which a man of extraordinary prudence, engaged in a like business, uses and exercises." *Phillips v. Wisconsin State Agricultural Society,* 60 Wis. 401, 404, 19 N. W. 377; *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; 2 Restatement, Torts, p. 741, § 282, comment *e,* § 283. Whether the water came from the cuspidor as a result of overfilling was not determined.

Appellant also contends there is no credible evidence to support a damage award for permanent disability. The question submitted to the doctors and their answers seem to indicate there is none. Neither of the physicians testified to being able to form an opinion to a reasonable certainty that a permanent injury would be sustained as required by Wisconsin cases. *White v. Milwaukee City Ry. Co.* 61 Wis. 536, 21 N. W. 524; *Raymond v. Keseberg,* 91 Wis. 191, 64 N. W. 861; *Bratonja v. Wisconsin Ice & Coal Co.* 182 Wis. 206, 196 N. W. 244.

We reach the conclusion that there must be a new trial, and we therefore refrain from further discussion of the evidence.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.