BRAUN, Administratrix, and another, Respondents, vs. BAUDHUIN and another, Appellants.

*April 13—May 18, 1943.*

108

*L. W. Bruemmer* of Kewaunee, for the appellants.

For the respondents there was a brief by *V. J. Muench* and *Kaftan, Rahr & Kaftan,* all of Green Bay, and oral argument by *J. Robert Kaftan.*

BARLOW, J.    Charles Braun was fatally injured as the result of a collision between a ten-ton tractor-trailer combination owned by the defendant George J. Baudhuin, driven by Roy Guth, and a two-door Chevrolet coach, driven by Charles Braun, on Highway 42, about two miles north of the city of Algoma.   The collision occurred about 10:30 a. m. on January 31, 1942, as deceased was crossing the highway to enter the driveway to his farm home, which was on the east side of the highway.   The main highway runs in a general northerly and southerly direction, with a concrete slab twenty feet in width and gravel shoulders on each side between eight and ten feet wide.   There was considerable ice on the highway and private driveway.   There was a slight downgrade from a distance of about fifteen hundred feet north to the point of the collision on the main highway, and a sharp grade on the driveway leading to the Braun farm buildings.   Braun attempted to enter his driveway but, due to the icy condition and the sharp grade, he was unable to make it and backed

down across the highway onto the west shoulder, about one hundred feet north of the driveway entrance. He then proceeded in a southeasterly direction across the highway as defendant's truck was approaching from the north. There is a dispute as to where the collision occurred, plaintiffs claiming that it occurred on the east side of the highway at the entrance to the driveway, and the defendants contending that it occurred on the west side of the highway. The front of defendant's truck struck the Braun car on the left side back of center and the Braun car came to rest on the east shoulder about twenty-five feet south of the farm driveway. Defendant's truck continued down the east shoulder a distance of about two hundred seven feet south of the Braun car. Broken glass was found east of the center of the highway.

In the special verdict, the jury found defendant's truck driver causally negligent in, (1) driving at an unreasonable rate of speed so as not to have his truck under proper control; and (2) that he operated his vehicle on the east or wrong side of the center line of the concrete roadway, although they found this was not negligence. The jury found deceased, Charles Braun, causally negligent in his failure to keep a proper lookout, and in apportioning the negligence found that Braun's negligence contributed eighty-five per cent to the cause of the collision and defendant's negligence contributed fifteen per cent.

On motions after verdict, the trial court granted a new trial. The trial judge, in his written opinion, found that defendant's own testimony does not sustain the verdict of the jury, as defendant's truck driver testified that the collision occurred on the west side of the center line of the highway and the jury found that the collision took place on the east side of the center line. He concluded that in view of the finding of the jury that the collision took place on the east side of the center line of the highway, the negligence of Braun in failing to keep a proper lookout was inconsistent with their deter-

mination that the negligence of Braun contributed eighty-five per cent to the cause of the collision when defendant's entire right of way had been yielded, unless it was proper to say that the deceased placed defendant's driver in a position where he had to act quickly, and his act in crossing the center line of the highway was reasonable, and that this was not the theory on which the case was tried by the defendants.

We cannot agree with the position of the trial court. The evidence shows that defendant's truck was being driven on the west side of the highway, and that the deceased proceeded across this lane of travel. There is evidence to show that the deceased was on the west shoulder of the highway at the time the truck driver first observed him, and he had a right to assume that Braun would exercise ordinary care in all essential respects if he intended to cross this highway. The truck driver was not obliged to reduce his speed, or stop, or alter his course, until it should have become apparent to him that deceased was not going to yield the right of way. *Kasper v. Kocher,* 240 Wis. 629, 4 N. W. (2d) 158. From the physical facts in the case, the jury had a right to arrive at the conclusion that the collision occurred on the east side of the highway, but it does not necessarily follow that the jury believed it occurred at the point claimed by plaintiffs. We find the verdict of this jury to be wholly consistent with the facts. The jury had been instructed that when one is confronted by an emergency not created by his own negligence, then one is not negligent for doing that which in the exercise of ordinary care he cannot avoid doing. In considering the facts in this case, the jury had a right to consider the evidence that deceased entered the west side of the highway when defendant's truck was about one hundred fifty feet from him, and conclude that an emergency arose by reason of the conduct of the deceased; that defendant's truck driver swung to the left, and that the collision occurred somewhere on the east side of the highway, and that defendant's driver had a right under the

conditions to turn to the left. If the jury believed this to be true, they were justified in finding that the deceased failed to yield the right of way even though it is not consistent with the theory of the case assumed by the defendants. The jury is not required to adopt defendants' theory of the case in order to bring in a verdict favorable to the defendants. It is the duty of the jury to find the facts in the case and to set them forth in their answers to the questions in the special verdict. The fact that the deceased succeeded in clearing the west lane of travel is not sufficient if he negligently entered this lane of traffic and by so doing caused an emergency or sudden peril to confront the defendant's truck driver. In finding that defendant's driver was not negligent in entering the east lane of travel, the jury in effect found that deceased did not afford defendant's driver a reasonable opportunity to avoid the collision, to which he was entitled, and that deceased's failure in that respect was the most significant and controlling ultimate fact involved in the determination of the apportionable negligence which caused the death. *Grasser v. Anderson,* 224 Wis. 654, 273 N. W. 63; *Kasper v. Kocher,* 240 Wis. 629, 4 N. W. (2d) 158; *Driessen v. Moder,* 233 Wis. 416, 289 N. W. 689.

There is no motion to review the questions of whether the evidence sustains the finding that eighty-five per cent of the causal negligence was attributable to deceased and that defendant's negligence was not the cause of the collision, as well as the question of whether the damages assessed are grossly inadequate, and the plaintiff is not entitled to have reviewed the court's denials of motions grounded upon these contentions. *Noll v. Nugent,* 214 Wis. 204, 252 N. W. 574; *Kaczmarski v. F. Rosenberg Elevator Co.* 216 Wis. 553, 257 N. W. 598; *Hayes v. Roffers,* 217 Wis. 252, 258 N. W. 785.

While sec. 251.09, Stats., doubtless grants this court the power, even in the absence of motion to review, to order a new trial when it appears probable that justice has miscarried, this

power is exercised "with some reluctance and with great caution." *Jacobsen v. State,* 205 Wis. 304, 237 N. W. 142.

Without again indulging in an extended discussion of the facts, we conclude that the case was fully and well tried, and that the answers to the questions in the special verdict are sustained by the facts and are consistent with the conclusion which we have reached. The damages may be conservative, but they are not so inadequate as to indicate passion and prejudice, which would justify a new trial, in view of the fact that the negligence of the deceased was the greater contributing cause of the result.

*By the Court.*—Order reversed, and causes remanded with instructions to dismiss plaintiffs' complaint.