WALLOW, Appellant, v. ZUPAN, d/b/a RED HAT INN, Respondent.

*April 14—May 9, 1967.*

196

For the appellant there was a brief by *Zubrensky, Padden, Graf & Bratt* of Milwaukee, and oral argument by *Leonard S. Zubrensky.*

For the respondent there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes.*

HANLEY, J.   A verdict should only be directed against a plaintiff where plaintiff's evidence, giving it the most favorable construction it will reasonably bear, is insufficient to sustain a verdict in plaintiff's favor. *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 124 N. W. (2d) 609; *Rudzinski v. Warner Theatres* (1962), 16 Wis. (2d) 241, 114 N. W. (2d) 466; and *Schlueter v. Grady* (1963), 20 Wis. (2d) 546, 123 N. W. (2d) 458.

Therefore, we deem it only necessary to set forth the evidence favorable to plaintiff.

Defendant's tavern had two entrances—a front and a side entrance. Plaintiff chose to use the side entrance. The side entrance to the tavern was adjacent to a stone-covered parking lot used by other businesses. Just before the approach to the entrance to the tavern there is a concrete slab running up to the side door which is about three feet by six or eight feet and is just about flush with the surrounding grass and stones.

Plaintiff Wallow had been to the tavern previously on an average of a couple of times a week and had observed apples right near the corner of the building.

There was a crab apple tree about 40 feet from the side door of the tavern. Defendant testified that the apples were the size of a quarter. Plaintiff did not know the size of the crab apple he stepped on.

The accident occurred at about 10 a. m. on November 21, 1963. Just as Mr. Wallow was leaving the premises through the side door he took one step without looking down and the next thing he knew was that his foot had turned beneath him, causing him to fall.

The plaintiff further testified that he did not observe any apples on the slab at the entrance when he entered the tavern about one-half hour before the accident; that after falling he went back into the tavern and told the defendant of his accident; and that the defendant said, "Oh, them darn apples."

The issue on this appeal is whether or not there was sufficient evidence adduced by the plaintiff upon which a jury could base a finding of either actual or constructive notice of a crab apple lying upon a concrete slab outside the entrance door to the tavern.

Plaintiff contends that the instant case involves sec. 101.06, Stats., which provides as follows:

"101.06 **Employer's duty to furnish safe employment and place.** Every employer shall furnish employment which shall be safe for the employes therein and shall furnish a place of employment which shall be safe for employes therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employes and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe."

We are not concerned here with the structural defect but only with a temporary condition. This court has previously held that the word "maintain" as contained in sec. 101.06, Stats., does not apply to temporary conditions unrelated to the structure of the building. *Krause v. Veterans of Foreign Wars Post No. 6498* (1960), 9 Wis. (2d) 547, 101 N. W. (2d) 645; *Watry v. Carmelite Sisters* (1957), 274 Wis. 415, 418, 80 N. W. (2d) 397.

In *Krause, supra,* this court said at page 551:

"The plaintiffs' complaint alleges that the defendant violated the safe-place statute (sec. 101.06). The evi-

dence did not disclose any structural defect in defendant's building but rather a temporary condition wholly disassociated from the structure. Therefore, there could be no liability imposed upon the defendant as an owner of a public building, but any liability would have to be predicated upon the defendant's failure to safely maintain a place of employment." citing *Jaeger v. Evangelical Luthern Holy Ghost Congregation* (1935), 219 Wis. 209, 212, 262 N. W. 585, and *Harnett v. St. Mary's Congregation* (1956), 271 Wis. 603, 610, 74 N. W. (2d) 382.

The defendant's tavern was not a place of employment. Mr. Zupan and his wife operated the tavern; there were no employees. It follows from the above-cited authority that sec. 101.06, Stats., is not applicable to the instant case, and the plaintiff is obliged to proceed under the theory of common-law negligence.

In common law, as under the safe-place statute, if the defendant is to be held liable for negligence, he must have had actual or constructive notice of the condition which caused the plaintiff's fall. *Kosnar v. J. C. Penney Co.* (1959), 6 Wis. (2d) 238, 242, 94 N. W. (2d) 642; *Lundgren v. Gimbel Bros.* (1927), 191 Wis. 521, 523, 210 N. W. 678; and *Appel v. Ruggaber* (1923), 180 Wis. 298, 301, 192 N. W. 993.

This court, in *Kosnar, supra,* said:

"Usually (in the absence of statute) a proprietor may not be held negligent for a defective or hazardous condition when the proprietor or his agent did not create the condition or know of its presence or should have known. . . ."

As the trial court correctly stated, there is no evidence whatsoever that the defendant created the condition or actually knew that there was an apple upon the concrete slab. The mere fact that the defendant had knowledge of apples in the vicinity is not sufficient to charge him with notice of the crab apple located on the concrete slab.

In *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 75, 85 N. W. (2d) 772, this court said:

"Constructive notice of course is neither notice nor knowledge, but a mere shorthand expression. We say a person has constructive notice of something when for the promotion of sound policy or purpose he is to be treated as if he had actual notice, whether or not he had it in fact. *Schoedel v. State Bank of Newburg*, 245 Wis. 74, 76, 13 N. W. (2d) 534. . . ."

In order to find constructive notice and attach liability, this court in *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 204, 64 N. W. (2d) 848, said:

". . . To have notice of a defect, of course the defect must exist and, in order to impose liability, it must exist for so long a time that the party charged with responsibility by the safe-place statute has opportunity not only to discover it but to remedy the situation and avoid the accident. *Dierkes v. White Paving Co.* (1939), 229 Wis. 660, 283 N. W. 446. *Reiher v. Mandernack* (1940), 234 Wis. 568, 291 N. W. 758, citing both the *Pettric* and the *Dierkes Cases, supra* (p. 571), held that constructive notice is chargeable only where the condition has existed for an appreciable length of time."

Plaintiff Wallow did not introduce evidence to show when the apple lighted on the concrete slab. We agree with the trial judge's statement that continued attention with respect to the maintenance of a public entrance is not required. Of course, reasonable inspections are in order, but the inference from the evidence that defendant Zupan did not inspect within the one-half hour that Wallow was in the tavern does not create proof of how long the defect existed and whether it existed so long that Zupan should have discovered and remedied it. *Boutin v. Cardinal Theatre Co., supra,* pages 204 and 205.

Plaintiff contends that the circumstances of any particular case dictate whether or not the defendant should have known of the risk or danger involved. It is plaintiff's position that because an apple tree was only 40 feet from the tavern entrance and further, because the apples

were easily movable, greater care was required. Plaintiff cites *Brodde v. Grosenick* (1961), 14 Wis. (2d) 341, 111 N. W. (2d) 165, in support of his contention. We think the facts of the *Brodde Case, supra,* are readily distinguishable from the instant case. In *Brodde, supra,* this court determined that a jury question was presented on the issue of whether or not defendant was negligent in view of the circumstances surrounding his use of an incinerator. This court did hold that the possibility of fire created an unreasonable risk of harm to others.

We believe that the difference in the degree of danger between the possibility of a fire and the possibility that the wind might transport a crab apple onto a concrete slab is readily apparent.

Simply because the defendant Zupan was aware of crab apples in the "immediate vicinity" should not bring him within the coverage of the language of *Winchel v. Goodyear* (1905), 126 Wis. 271, 278, 105 N. W. 824, which reads:

" 'It is not required that the "specific" injury or "such" an injury as is complained of was or ought to have been specifically anticipated as the natural and probable consequences of the wrongful act. It is sufficient if the facts and circumstances are such that the consequences attributable to the wrongful conduct charged are within the field of reasonable anticipation.' *Morey v. L. S. & T. R. Co.* 125 Wis. 148, 103 N. W. 271, and cases cited."

In *Lundgren v. Gimbel Bros., supra,* the plaintiff slipped on some salad dressing on a stairway in the defendant's store which stairway was used by waitresses in serving patrons in the dining room. The plaintiff was denied the right of recovery because of the lack of notice to the defendant. In *Lundgren v. Gimbel Bros., supra,* this court stated, at page 523:

"The liability of the defendant for such a circumstance cannot be based upon the mere fact of the depositing of such substance on the stairway, but would arise because of failure to promptly remove the same after actual or

constructive notice of its existence. There was here no showing of either."

We conclude that the defendant did not have actual notice of the apple on the slab walk and that his knowledge of the location of the apple tree and apples in the vicinity of the slab walk does not afford sufficient basis for a finding of constructive notice and that therefore the trial court was correct in directing a verdict in favor of the defendant and dismissing plaintiff's complaint.

*By the Court.*—Judgment affirmed.