Low, Appellant, v. SIEWERT and wife, Respondents.*

*No. 1. Argued February 28, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 451.)

* Motion for rehearing denied, with costs, on June 6, 1972.

For the appellant there were briefs by *Petrie, Stocking, Meixner & Zeisig, S. C.,* and *John A. Stocking,* all of Milwaukee, and oral argument by *John A. Stocking.*

For the respondents there was a brief by *Ames, Riordan, Crivello & Sullivan* and *Frank T. Crivello,* all of Milwaukee, and oral argument by *Frank T. Crivello.*

HALLOWS, C. J.  The procedure of reserving the disposition of a motion to direct a verdict until after the jury returns its verdict is the preferred procedure.[1] Although such procedure allows some hindsight with a jury's verdict and while an appeal is almost inevitable when the court differs with the verdict, at least a retrial is avoided if there is a reversal.  In reviewing the granting of a motion to direct a verdict, this court must examine the evidence most favorable to the party against whom the motion is directed and if there is any evidence

---

[1] *Davis v. Skille* (1961), 12 Wis. 2d 482, 107 N. W. 2d 458; *Flintrop v. Lefco* (1971), 52 Wis. 2d 244, 190 N. W. 2d 140.

which will sustain his cause of action, the motion should have been denied. *Kielich v. Whittaker* (1924), 183 Wis. 470, 198 N. W. 270; *Mueller v. O'Leary* (1935), 216 Wis. 585, 257 N. W. 161; *Flintrop v. Lefco* (1971), 52 Wis. 2d 244, 190 N. W. 2d 140.

The first question is whether there was sufficient evidence of notice of the danger or defect to charge the owners of the building with negligence. There is testimony the light in the parking lot was to be left on twenty-four hours a day. The part-time janitor left the building in daylight at 5:30 p. m. and did not notice whether the light was on or off. Ruth Low came to work at 7 p. m., but the record does not show whether the light was on or off at that time, although on May 3d it would still be light at 7 p. m. The light was off at 10 p. m. The next morning the switch was found in an off position but the light bulb was also burned out.

This is a type of defect of which an owner of a building should have some notice before he is charged with liability. Mrs. Low claims the owners have a duty to care for her safety both at common law and under the safe-place law. This is not disputed or an issue in this case. But even under the safe-place law, an owner is not an insurer of the safety of the building. *Pettric v. Gridley Dairy Co.* (1930), 202 Wis. 289, 232 N. W. 595; *Zernia v. Capitol Court Corp.* (1963), 21 Wis. 2d 164, 170a, 124 N. W. 86, 125 N. W. 2d 705; *Carr v. Amusement, Inc.* (1970), 47 Wis. 2d 368, 177 N. W. 2d 388.

The failure of the light is not such a defect as results from the active negligence of the owner or his agent, or of third persons; rather, it is a defect which results from passive negligence or an omission to act on the part of the owner or his agent. Where the faulty condition exists for an unreasonable time because of the failure to discover it by the owner when he should have or a failure to correct the condition after actual notice,

negligence is predicated upon failure to correct the defect. *Kosnar v. J. C. Penney Co.* (1959), 6 Wis. 2d 238, 94 N. W. 2d 642; *Lundgren v. Gimbel Bros.* (1927), 191 Wis. 521, 210 N. W. 678; *Pettric v. Gridley Dairy Co., supra; Sposito v. Zeitz* (1964), 23 Wis. 2d 159, 127 N. W. 2d 43; *Merriman v. Cash-Way, Inc.* (1967), 35 Wis. 2d 112, 150 N. W. 2d 472. Of course, where a defect or a dangerous condition is caused by the affirmative acts of the owner or his agent, he needs no notice because he has knowledge of his acts creating the hazard. *Pettric v. Gridley Dairy Co., supra; Kosnar v. J. C. Penney Co., supra; Merriman v. Cash-Way, Inc., supra; Turk v. H. C. Prange Co.* (1963), 18 Wis. 2d 547, 119 N. W. 2d 365.

The instant case is distinguished from *Strack v. Great Atlantic & Pacific Tea Co.* (1967), 35 Wis. 2d 51, 150 N. W. 2d 361, and *Steinhorst v. H. C. Prange Co.* (1970), 48 Wis. 2d 679, 180 N. W. 2d 525. In those cases the owner of the premises was conducting his business in such a manner the defect or dangerous condition occasioned by customers should have been anticipated. In such cases an owner may rightly be charged with notice after a very short period of time, while defects arising out of failure of electric lights to burn and other similar conditions of neglectful maintenance must exist for a longer period of time before the owner should be charged with notice.

Here, there is no evidence of how long the light remained out; it may have failed during the day or shortly before 10 p. m. This court is not prepared to hold that an owner of property must make an hourly inspection to discover burned out light bulbs on a parking lot.[2]

---

[2] Failure to light the premises subject to the safe-place statutes represents a failure to properly maintain the area. *Wilson v. Evangelical Lutheran Church* (1930), 202 Wis. 111, 230 N. W. 708; *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922; *Merkley v. Schramm* (1966), 31 Wis. 2d 134, 142 N. W. 2d 173.

This is not a case in which the owner had reason to expect the bulb to burn out or to be turned out by third parties.

The defendants owners cannot be charged with constructive notice, because in such cases the evidence must show the hazard existed for such an appreciable length of time that a vigilant owner would have discovered it. *Lundgren v. Gimbel Bros., supra* (no evidence how long a spill of salad dressing had existed) ; *Reiher v. Mandernack* (1940), 234 Wis. 568, 291 N. W. 758 (no evidence how long a spot of water existed on bowling alley) ; *Dierkes v. White Paving Co.* (1939), 229 Wis. 660, 283 N. W. 446 (no evidence how long dangerously small plank had rested over excavation) ; *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 64 N. W. 2d 848 (no evidence when theatre seat was rendered defective); *Shoemaker v. Marc's Big Boy* (1971), 51 Wis. 2d 611, 615, 187 N. W. 2d 815 (no evidence how long slippery substance had been on restaurant floor). *See* Annot. (1952), *Liability of landlord for personal injury or death due to inadequacy or lack of lighting on portion of premises used in common by tenants,* 25 A. L. R. 2d 496, at sec. 10, p. 535.

There was a failure of evidence here to prove the owners should have known the light bulb was burned out, thus causing an unsafe condition; consequently, Mrs. Low was not entitled to go to a jury on the evidence.

While the trial court found as a matter of law Mrs. Low was at least 50 percent negligent in proceeding onto the darkened parking lot while her hands were encumbered with parcels, we do not need to reach the question of the correctness of the ruling. Normally, a trial court is loath to upset the apportionment of negligence by a jury and in this case the trial court must have felt quite strongly on the issue. However, having

grounded our decision on the lack of reasonable notice, we need not comment on a second choice given by the trial court for its ruling.

*By the Court.*—Judgment affirmed.