CURRIE, Executrix, Respondent, vs. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Appellant.

*November 11—December 8, 1942.*

For the appellant there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn H. Smith*.

For the respondent there was a brief by *Port & Dierker* of Watertown, and oral argument by *Kenneth E. Port*.

A brief was also filed by *Harold M. Dakin* of Watertown, as guardian *ad litem*.

FAIRCHILD, J. The principal claim of appellant is that the verdict that "the accident in question on June 29, 1940 [did] result in injuries to Bernard Michael Winn which contributed to cause his death on July 13, 1940," is not sustained by the evidence. There was no physical injury apparent after the accident, and the case may be said to turn on whether there is any testimony of the accident producing any shock that could be the cause of death. It is undisputed that for six years prior to his death Winn had had a serious heart ailment. Dr. Ablemann, a witness called by respondent, in answer to a hypothetical question which assumed that after the accident Winn "didn't eat regularly; that he was unable to perform his services," expressed the opinion that the condition described "might very easily" be the result of shock. There was no attempt to disclose any of the symptoms that indicate surgical shock. And there was evidence that he was suffering from a cold and that a bad heart plus the cold was an adequate cause of death. Dr. Ablemann further testified: "I have indicated that this man had a bad heart condition for probably five years. A man with such a heart might die at any time after June 28, 1940, whether or not he had an accident." He added that "other things, such as the accident" would increase the chances.

With the facts, a diseased heart combined with a cold, so thoroughly established, the respondent's claim cannot in justice be granted. It is not enough to say that the collision might have been a cause of death. The collision was not serious. Winn was not disturbed so far as reporting for duty, and his affliction supplemented by a cold is an explanation of the difference in conduct described by his associates. All the symptoms which he displayed subsequent to June 29th would readily and naturally be caused by his heart condition and the cold as well as by shock occasioned by the accident. The only

way in which Winn's death can be said to be connected with the collision is by opinions of doctors who did not see Winn while he was alive. The most they could do was speculate as to what was likely to happen under certain hypothetical conditions, and in the questions put to the experts called by respondent the factor of a cold was not included. The only doctor who examined Winn between the time of the accident and the time of his death testified Winn made no reference to the collision and it was that doctor's opinion that Winn's death "was caused by the coronary condition of long standing." It is also significant that, although Winn visited his doctor for the express purpose of fixing up a record to show to the Insurance Company, he made no mention to the doctor of any harmful results of the accident. The collision, as stated, occurred June 29th. Winn did not make the call just referred to until July 8th. He then desired it to appear on the doctor's record that he had consulted him immediately after the accident. The doctor also testified that Winn did not complain of any ill effects from the accident and that no evidence of shock was observed.

Various lay witnesses testified that Winn was a different man after the accident, but there is no concrete evidence connecting his condition with the accident, and as already pointed out, this testimony related to the time during which he was suffering from a cold. We conclude upon the record that the least that can be said is that sufficient evidence was not forthcoming to remove the cause of Winn's death from the field of speculation and conjecture. A jury could do no more than guess at the cause of death, and this being so, there is no basis for recovery. *Dierkes v. White Paving Co.* 229 Wis. 660, 283 N. W. 446; *Matuschka v. Murphy,* 173 Wis. 484, 180 N. W. 821. Because of the conclusion reached we have not considered other questions raised by appellant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.