Timothy Thomas TYRRELL, Plaintiff,

v.

IOWA DISTRICT COURT, Defendant.

No. 87–32.

Supreme Court of Iowa.

Oct. 21, 1987.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for plaintiff.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., J. Patrick White, Co. Atty., and Mary L. McCollum, Asst. Co. Atty., for defendant.

LARSON, Justice.

Timothy Thomas Tyrrell was charged with assault causing bodily injury under Iowa Code section 708.2 (1985), an indictable misdemeanor. After trial to a jury, Tyrrell was found guilty of simple-misdemeanor assault, an included offense. The district associate judge sentenced Tyrrell to thirty days in jail and advised him (erroneously, we conclude) that he had a right of appeal to the district court. Tyrrell filed a notice of appeal to district court the same day. The State moved to dismiss the appeal on the ground that the district court had no jurisdiction to hear an appeal in a case tried as an indictable offense, even though the actual conviction was for a simple misdemeanor. The district court dismissed the appeal, and Tyrrell obtained a writ of certiorari to challenge that ruling. We now annul the writ.

The facts of this case are not in dispute. Because Tyrrell was charged with an indictable offense, he was tried before a district associate judge under the practices and procedures of the district court. *See* Iowa Code § 602.6306(2) (1985).[1]

The issue in this case may be simply stated: When an offense is tried as an indictable offense (under which an appeal is to the supreme court), but the defendant is actually convicted of a nonindictable offense (with an appeal, generally, to district court), which appeal route is prescribed?

Iowa Code section 602.6101, establishing our unified trial court, is supplemented by

---

1. While the magistrate, district associate judge, and district judge are all part of the district court under our unified court system, Iowa Code § 602.6101, the references in § 602.-6306(2) to district court procedures means those procedures prescribed for use by district judges, as opposed to those exercised by district associate judges or magistrates. *See* Iowa Code § 602.6202. Similarly, our references in this case to "district court" mean that part of the unified court which exercises the full jurisdiction of the court, in other words, that presided over by the district judges.

section 602.6104 which provides that the jurisdiction of the court "shall be exercised by district judges, district associate judges, and magistrates." District judges have the full power of the district court. Iowa Code § 602.6202. Magistrates have jurisdiction in simple misdemeanors. Iowa Code § 602.-6405. District associate judges have all the jurisdiction of magistrates "and when exercising that jurisdiction shall employ magistrates' practice and procedure." Iowa Code § 602.6306(1). The district associate judge is also empowered to hear indictable misdemeanor cases, as it did here, and "[w]hile presiding in these subject matters a district associate judge shall employ district judges' practices and procedures." Iowa Code § 602.6306(2).

Appeals from judgments of a district associate judge are determined by the manner in which the case was tried. In other words, if the district associate judge was exercising the jurisdiction of a magistrate at the trial, the appeal "shall be governed by the laws relating to appeals from judgments and orders of magistrates." Iowa Code § 602.6306(4). On the other hand, if the district associate judge is exercising the jurisdiction of a district judge in the trial of an indictable case, the appeal "shall be governed by the laws relating to appeals from judgments or orders of district judges." *Id.*

Tyrrell contends that, because he was *sentenced* for a simple misdemeanor, his appeal was to the district court, and the district court therefore erred in dismissing his appeal. The State argues that, since the charge and trial were based on an indictable misdemeanor and thus held under the "practices and procedures of district judges," Iowa Code § 602.6306(2), any review of Tyrrell's conviction must be by application for discretionary review under Iowa Code section 814.6(2)(d) (1985).

Concerning appeals, Iowa Code section 814.6 provides:

1. Right of appeal is granted the defendant from:

a. A final judgment of sentence, except in case of simple misdemeanor and ordinance violation convictions.

b. An order for the commitment of the defendant for insanity or drug addiction.

Section 814.6 further provides:

2. Discretionary review may be available in the following cases:

. . . .

d. Simple misdemeanor and ordinance violation convictions.

Under section 814.6, a defendant convicted of a simple misdemeanor in district court has no appeal as a matter of right. He would, of course, have the right to apply for a discretionary review under section 814.6(2)(d).

The defendant caustically observes that "he is the only criminal defendant in the state of Iowa who does not have a right to appeal a criminal conviction." He argues that a person initially charged with a nonindictable misdemeanor and tried under magistrate rules has the right of appeal (to district court), and that a person charged and tried with an indictable offense has an appeal as a matter of right to the supreme court. But, a person charged under an indictable offense and convicted of a nonindictable offense has no appeal as a matter of right.

■ We do not believe it was the intent of the legislature that a person actually convicted of a simple misdemeanor under district court procedures should have an appeal as a matter of right. If Tyrrell had been charged originally with a nonindictable offense and had been tried under the rules applicable to magistrates, it is true he would have an appeal to the district court, but he has access to the district court as a matter of right only once; any review beyond that initial appeal would be discretionary. *See* Iowa Code § 814.6.

When a defendant, such as Tyrrell, has been charged initially with an indictable offense, and is thereby given access to all of the protections of district court practices and procedures, he has received the benefits of those practices and procedures at one point, and we believe that is all to which he is entitled. Any further review

by an appellate court is purely discretionary.

In the present case, the district associate judge misinformed Tyrrell as to the procedure to be followed in perfecting an appeal. By the time he became aware of the problem through the dismissal of his attempted appeal to district court, it was too late to apply to this court for discretionary review. *See* Iowa R.App.P. 201 (requiring application for discretionary review to be made within thirty days).

We believe under these circumstances that Tyrrell should be given an opportunity to make an application for a delayed discretionary review. We affirm the district court without prejudice to the right of Tyrrell to make such application. With this exception, we annul the writ.

WRIT ANNULLED.

All Justices concur except SNELL, J., who takes no part.