STATE of Iowa, Appellee,

v.

Angie HEINZE, Appellant.

No. 90–1286.

Supreme Court of Iowa.

Feb. 20, 1991.

John G. Martens of Sanderson, Ridout & Martens, Estherville, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Lynn K. Fillenwarth, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and LAVORATO, JJ.

CARTER, Justice.

Defendant, Angie Heinze, appeals from an order of the district court refusing to review the actions of a judicial magistrate with respect to her conviction and sentence for the offense of making beer available to persons under the age of nineteen years, in violation of Iowa Code section 123.47 (1989). Upon consideration of the arguments of the parties, we affirm the judgment of the district court as modified and remand the case to that court for further proceedings.

Defendant was convicted upon her plea of guilty. The prosecution resulted from a police investigation of a loud and raucous party at defendant's mobile home at which

alcoholic beverages were being consumed. At least four persons under the age of nineteen were found to be present and participating. The proceedings were heard by a judicial magistrate.[1] The magistrate accepted defendant's plea of guilty and sentenced her to pay a fine of $100 and serve two days in the county jail.

Defendant attempted to appeal the magistrate's order at the district court level. The district court judge who considered this attempted appeal concluded that, because the offense was not a simple misdemeanor, an appeal under Iowa Rule of Criminal Procedure 54 was not available. The district court further concluded that the only avenue of appeal available to defendant was an appeal to this court as authorized by Iowa Code section 814.6 (1989).

■ In challenging the district court's order, defendant relies on the language in Iowa Code section 602.6405(2) which provides that criminal procedure before a magistrate is as provided in rules of criminal procedure 32 to 56. She suggests that this makes all judgments of a judicial magistrate subject to a district court appeal as provided in rule 54. We disagree with this contention.

Iowa Rule of Criminal Procedure 32 establishes the scope and applicability of Iowa Rules of Criminal Procedure 32–56. It specifies that those rules "shall apply to trials of simple misdemeanors." We take this to mean that those rules are inapplicable to criminal prosecutions of indictable offenses. With respect to the hearing of indictable offenses by a district associate judge, we have observed:

> [I]f the district associate judge is exercising the jurisdiction of a district judge in the trial of an indictable case, the appeal "shall be governed by the laws relating to appeals from judgments or orders of district judges."

*Tyrrell v. Iowa District Court,* 413 N.W.2d 674, 675 (Iowa 1987) (quoting Iowa Code § 602.6306(4) (1985)). We believe that the same principle applies to judicial magistrates in those limited instances where magistrates have been granted jurisdiction of indictable offenses. The district court was correct in concluding that an appeal under rule 54 was not available to defendant.

■ The conclusions which we have reached do not entirely dispose of the controversy. One of the claims being made in the present appeal (and presumably in the aborted effort to appeal at the district court level) is that the judicial magistrate imposed an illegal sentence. Illegal sentences may be corrected by the district court at any time. Iowa R.Crim.P. 23(5)(a). Such corrections may be made either by the judicial officer who imposed the sentence or by any other qualified judicial officer to whom the matter is regularly assigned. A judge of the district court would have had jurisdiction to act on that portion of the defendant's challenge to the magistrate's actions which asserted that she received an illegal sentence. Consequently, this court has jurisdiction to review the district court's failure to act on that aspect of defendant's challenge.

■ The judicial magistrate, in sentencing defendant to two days in jail, sought to invoke Iowa Code section 903.1(1)(b) (1989) which authorizes imprisonment not to exceed one year, or a fine not to exceed $1000 upon conviction of a serious misdemeanor. As defendant correctly argues, however, section 903.1(1) is a general penalty provision which only applies if a specific penalty is not provided for the offense.[2] The penal-

---

1. Jurisdiction over violations of Iowa Code § 123.47 is granted to judicial magistrates by Iowa Code § 602.6405 (1989).

2. The applicable language of Iowa Code § 903.1(1)(b) is as follows:

   If a person eighteen years of age or older is convicted of a simple or serious misdemeanor *and a specific penalty is not provided for ...* the court shall determine the sentence, and shall fix the period of confinement or the amount of fine, if such be the sentence, within the following limits:

   . . . .

   *b.* For a serious misdemeanor, imprisonment not to exceed one year, or a fine not to exceed one thousand dollars, or both.

   (Emphasis added.)

ty for violations of section 123.47 is expressly fixed in Iowa Code section 123.-50(4). That statute provides:

A person, other than a licensee or permittee or a minor, who violates section 123.-47 is guilty of a serious misdemeanor punishable by a minimum fine of one hundred dollars for a first offense, two hundred and fifty dollars for a second offense, and five hundred dollars for a third and subsequent offense, and a maximum fine for any offense of not more than one thousand dollars.

*Id.*

The State urges that, because section 123.50(4) provides for a range of fines to be imposed at the discretion of the sentencing judge, this is not a "specific penalty" for purposes of rendering section 903.1(1) inapplicable. We cannot interpret the "specific penalty" language of section 903.1(1) in this manner. We believe the language "[i]f ... a specific penalty is not provided" contemplates that the legislature may, in other statutes, authorize different penalties for specific offenses to the exclusion of the penalties provided in the general misdemeanor sentencing statute. We believe the legislature did this with respect to violations of section 123.47 punishable under section 123.50(4). The latter statute makes no provision for a jail sentence. Consequently, the imposition of a jail term in the present case constituted an illegal sentence.

■ Because imposition of a legal sentence under section 123.50(4) involves the exercise of sentencing discretion, it is impossible for us to simply correct the illegal sentence by order of this court. We must modify the judgment of the district court to provide that the sentence imposed by the judicial magistrate be vacated. The portion of the district court's order otherwise dismissing defendant's purported appeal at the district court level is affirmed. The case is remanded to the district court for the resentencing of defendant in accordance with the provisions of section 123.-50(4). Costs on appeal are assessed one-third to appellant and two-thirds to appellee.

AFFIRMED AS MODIFIED AND REMANDED.