# IN THE COURT OF APPEALS OF IOWA

No. 13-2016
Filed August 17, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CHRISTOPHER RYAN HARTNESS,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.

After being granted discretionary review, the defendant appeals his conviction for domestic abuse assault, a simple misdemeanor. **AFFIRMED.**

Thomas A. Hurd of Glazebrook, Moe, & Hurd, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

After being granted discretionary review, Christopher Hartness appeals his conviction for domestic abuse assault, a simple misdemeanor. Hartness maintains the Iowa Constitution guarantees him the right to appeal a simple-misdemeanor conviction. Additionally, he argues the district court erred in refusing to give the requested spoliation instruction to the jury.

**I. Background Facts and Proceedings**

In May 2013, Hartness was charged by trial information with domestic abuse assault causing bodily injury. The case proceeded to a jury trial in October of the same year.

At trial, the complaining witness testified that on the night of the incident, Hartness had told her he was using a cell phone to record her. She testified that during at least part of the incident, he was holding the phone in a way that was "consistent with making a video." She further testified that she later called the service provider for the phone and had all of the information stored on the phone, including any videos, deleted.[1] She explained that she did this because Hartness "would not stop contacting" her and she "wanted the contacts deleted so that he could not contact [her] anymore."

Before the case was submitted to the jury, Hartness requested a spoliation instruction "with respect to the video that Mr. Hartness said he made of the incident." The district court denied Hartness's request.

---

[1] The cell phone Hartness used was under a contract between the complaining witness and the service provider.

The jury returned a guilty verdict for the lesser included offense of domestic abuse assault, which is a simple misdemeanor.

In November 2013, the district court entered judgment and sentenced Hartness to a thirty-day term of incarceration with all but ten days suspended. He was placed on probation for a period of twelve months.

Hartness filed a notice of appeal under Iowa Rule of Criminal Procedure 2.73(1), which regulates the appeals of simple misdemeanor convictions. As such, it was treated as an appeal to the district court. The district court ultimately ruled that because Hartness's case was heard by a district associate judge "in his jurisdiction to hear indictable misdemeanors," Hartness had no appeal as a matter of right. The court instructed Hartness to apply for discretionary review pursuant to Iowa Code section 814.6(2)(d) (2013).

Hartness applied for discretionary review of his conviction. Our supreme court granted his application and ordered the parties to also brief whether article 1, section 11 of the Iowa Constitution confers a right of appeal on defendants where the defendant was tried using district court procedures but was convicted of only a simple misdemeanor. The supreme court then transferred the case to us.

**II. Standard of Review**

Insofar as Hartness raises a constitutional claim, we review de novo. *See Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 168 (Iowa 2015).

We review the district court's refusal to give a spoliation instruction for correction of errors at law. *See State v. Hartsfield*, 681 N.W.2d 626, 630 (Iowa 2004) ("We conclude . . . the trial court does not have discretion to refuse a

spoliation instruction when the defendant has generated a jury question on the spoliation inference. Therefore, the only matter to be reviewed on appeal is whether the trial court accurately determined the requested instruction did not have adequate evidentiary support. That type of trial court decision is normally reviewed for the correction of errors of law." (citation omitted)).

## III. Discussion

### A. Right to Appeal

Hartness maintains article 1, section 11 of the Iowa Constitution guarantees a criminal defendant convicted of a simple misdemeanor "some form of appeal." The section provides:

> All offenses less than a felony and in which the maximum permissible imprisonment does not exceed thirty days shall be tried summarily before an officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, *saving to the defendant the right of appeal*; and no person shall be held to answer for any higher criminal offense, unless on presentment or indictment by a grand jury, except in cases arising in the army, or navy, or militia, when in actual service, in time of war or public danger.

(Emphasis added).

In *Tyrrell v. Iowa District Court*, 413 N.W.2d 674, 674 (Iowa 1987), our supreme court was asked to consider a similar factual situation. There, the defendant was charged with an indictable misdemeanor and found guilty. *Tyrrell*, 413 N.W.2d at 674. A district associate judge sentenced the defendant, and the defendant appealed to the district court. *Id.* The district court dismissed the appeal, concluding the defendant only had the right to apply for discretionary review. *Id.* at 675. Our supreme court upheld the dismissal, stating:

We do not believe it was the intent of the legislature that a person actually convicted of a simple misdemeanor under district court procedures should have an appeal as a matter of right. If [the defendant] had been charged originally with a nonindictable offense and had been tried under the rules applicable to magistrates, it is true he would have an appeal to the district court, but he has access to the district court as a matter of right only once; any review beyond that initial appeal would be discretionary.

When a defendant . . . has been charged initially with an indictable offense, and is thereby given access to all of the protections of district court practices and procedures, he has received the benefits of those practices and procedures at one point, and we believe that is all to which he is entitled. Any further review by an appellate court is purely discretionary.

*Id.* at 675–76. We acknowledge the supreme court was not asked to consider the applicability of the Iowa Constitution in reaching its decision.

However, in *State v. Hinners*, 471 N.W.2d 841, 843 (Iowa 1991), the court reiterated that "[i]n Iowa the right of appeal is statutory and not constitutional."[2] *See also Iowa Dep't of Revenue v. Iowa Merit Employ. Comm'n*, 243 N.W.2d 610, 614 (Iowa 1976) ("[A]ppellate review is purely statutory and subject to strict construction." (alteration in original)); *Van der Burg v. Bailey*, 223 N.W. 515, 516 (Iowa 1929) ("The right of appeal is not an inherent or constitutional right. The legislature may give or take it away, at its pleasure.").

Because the right to appeal, other than a crime charged and tried as a simple misdemeanor, is strictly statutory and our supreme court has already ruled that there is no such right where a defendant was ultimately convicted of a simple misdemeanor after being tried with district court procedures, the district court's dismissal of Hartness's appeal was proper. *See State v. Hastings*, 466

---

[2] In *Hinners*, the defendant was charged with driving while barred, a serious misdemeanor. 471 N.W.2d at 842.

N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

### B. Spoliation Instruction

Next, Hartness maintains the district court erred in denying his request for a spoliation instruction.

The trial court "does not have discretion to refuse a spoliation instruction when the defendant has generated a jury question on the spoliation inference." *Hartsfield*, 681 N.W.2d at 631. The inference is permitted when "(1) evidence exists, (2) it is in the possession or under the control of the State, (3) it would have been admissible at trial, and (4) the State intentionally destroyed the evidence." *Id.*

Even if we consider the facts in the light most favorable to Hartness, the State was never in possession of the video and it was the complaining witness, not the State, who intentionally destroyed the evidence. However, he asks that we consider the complaining witness an agent of the State "because the State and the complaining witness are engaged in a joint endeavor to prosecute" him. Hartness concedes there is no Iowa case law to support his proposed extension of the spoliation instruction, but he asks us to consider other precedent where the actions of third parties are attributed to the State. Specifically, he cites Fourth Amendment case law involving situations wherein a private citizen and government official worked together to conduct a search.

Even if we were convinced by Hartness's argument, here there was no evidence presented that the complaining witness was acting in concert with or at the behest of the State. Moreover, the State denied having any knowledge

whether such a video ever existed. *See United State v. Jacobsen*, 466 U.S. 109, 113 (1984) ("This Court has also consistently construed this protection as proscribing only government action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government office.'" (citation omitted)).

Because the State never possessed nor intentionally destroyed the video, the district court properly denied Hartness's request for a spoliation instruction.

We affirm Hartness's conviction.

**AFFIRMED.**