# IN THE COURT OF APPEALS OF IOWA

No. 17-0268
Filed December 20, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LARISSA MARIE LADEAUX,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John C. Nelson,

District Associate Judge.


        A defendant appeals her conviction, asserting the district court applied the

incorrect standard to her motion for judgment of acquittal.  **APPEAL DISMISSED.**


        Rees Conrad Douglas, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Larissa LaDeaux appeals following her conviction for domestic abuse assault, a simple misdemeanor,[1] asserting this case must be remanded because the district court applied the wrong standard to her motion for judgment of acquittal. While not addressed by the parties, this court notes LaDeaux does not have the right to appeal her simple misdemeanor conviction. *See* Iowa Code § 814.6(1)(a), (2)(d) (noting a defendant does not have the right of appeal following a final judgment of sentence for a simple misdemeanor but can only seek discretionary review); *Tyrrell v. Iowa Dist. Ct.*, 413 N.W.2d 674, 675 (Iowa 1987) ("Under section 814.6, a defendant convicted of a simple misdemeanor in district court has no appeal as a matter of right. He would, of course, have the right to apply for a discretionary review under section 814.6(2)(d).").

LaDeaux did not file an application for discretionary review under Iowa Rule of Appellate Procedure 6.106, but instead, she filed a notice of appeal under rule 6.102(2). However, this failure is not fatal to her claim because, pursuant to rule 6.108, when a party seeks the wrong form of review, "the case shall not be dismissed, but shall proceed as though the proper form of review has been requested." We therefore consider LaDeaux's notice of appeal and accompanying appellate brief to be an application for discretionary review under rule 6.106.

Pursuant to rule 6.106(2), discretionary review may be granted "upon a determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in rule 6.104(1)(d) for an interlocutory appeal exist, or (3) the

---

[1] *See* Iowa Code § 708.2A(2)(a) (2016).

grounds set forth in any statute allowing discretionary review exist." Having considered the issue LaDeaux raises on appeal and the grounds for granting discretionary review in rule 6.106(2), we determine the application for discretionary review should be denied, and we dismiss the appeal.

**APPEAL DISMISSED.**