# IN THE COURT OF APPEALS OF IOWA

No. 23-1891
Filed October 30, 2024

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**GARRET JAMES WASSOM,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clay County, Andrew Smith, Judge.

A defendant directly appeals from three misdemeanor convictions, challenging whether five exhibits were improperly excluded from trial. **APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

After a night out celebrating his birthday, Garret Wassom beat his girlfriend. The State charged him with three misdemeanors. Before trial, the State moved to exclude five exhibits showing brief moments of contact between Wassom and the victim months after the event. The district court agreed the evidence was irrelevant and excluded the exhibits from trial. Wassom was ultimately convicted of false imprisonment and two counts of simple assault.

Wassom directly appeals these convictions, arguing he is entitled to a new trial because the district court erroneously excluded the five exhibits. But Wassom has no right to directly appeal his two simple assault convictions because a defendant convicted of simple misdemeanors under district-court procedures only has a right to seek discretionary review. And even treating his filings here as an application for discretionary review, Wassom received substantial justice, so we deny discretionary review and dismiss his appeals from the simple assault convictions for lack of jurisdiction.

As for false imprisonment, most of Wassom's arguments are constitutional arguments never made to the district court. So they are not preserved for our review. And the district court did not abuse its discretion when excluding the exhibits as irrelevant. That the victim may have briefly interacted with Wassom two, five, or eight months after the event does not make any material fact relating to false imprisonment more or less probable. We thus affirm Wassom's false-imprisonment conviction.

## I. Factual Background and Proceedings

Late one evening in January 2023, Wassom and his girlfriend were driving home from Wassom's birthday celebration. Wassom became angry about a social media post showing the girlfriend's legs. Feeling unsafe, the girlfriend tried to pull over and leave the car. But as she opened the door, Wassom grabbed her sweatshirt hood and pulled her back into the car. Wassom refused to let her leave the car—at one point restraining her with his arm around her neck in what a witness described as a "chokehold"—until he noticed a bystander nearby. Wassom then released her, and she left the car.

Wassom followed her out and punched the back of her head into a snowbank. He then drove off—leaving her injured in the dark—but later returned for her. Back in the car, Wassom drove so erratically the girlfriend was thrown into the dashboard and windows. The girlfriend called 911, which further angered Wassom. He then shoved his arm into her throat and began strangling and punching her. Wassom eventually stopped and the girlfriend fled the car, leaving her keys and phone inside. The girlfriend spotted a nearby house with its porch light on and rang the doorbell, searching for help. The homeowner let her in and called law enforcement.

The State charged Wassom with assault with a dangerous weapon, false imprisonment, and assault causing bodily injury. Before trial, the State moved in limine to exclude five exhibits, which showed communications or contact between Wassom and the victim months after the event (and in violation of a no-contact order). Wassom argued the exhibits were relevant because they showed the two "remained in a relationship" and the victim was no longer scared of Wassom. The

court excluded the exhibits, reasoning the months-later interactions had "no bearing on" whether Wassom assaulted or falsely imprisoned the victim in January.

After a three-day trial, the jury convicted Wassom of false imprisonment—a serious misdemeanor—and two lesser-included offenses of assault—simple misdemeanors. *See* Iowa Code §§ 708.1(2), 708.2(6), 710.7 (2023). Wassom now directly appeals these convictions, arguing that the district court erroneously excluded his exhibits and he is thus entitled to a new trial.

## II. Discretionary Review of Simple Assault Convictions

Before we consider the merits of Wassom's appeal, we must first assure ourselves of jurisdiction. Wassom has no right to directly appeal his two assault convictions because they are simple misdemeanors tried under district-court procedures. *See* Iowa Code § 814.6(1)(a)(1); *Tyrrell v. Iowa Dist. Ct.*, 413 N.W.2d 674, 675 (Iowa 1987). Rather, Wassom should have applied for discretionary review of those convictions, stating "with particularity the grounds upon which discretionary review should be granted." Iowa R. App. P. 6.106(1)(e). He did not. So to salvage his appeal, he asks that we treat his filings as if he had sought the proper form of review. *See* Iowa R. App. P. 6.151. And while Wassom does not specify any grounds for that request, we presume he seeks discretionary review because the district court's limine ruling deprived him of "substantial justice." Iowa R. App. P. 6.106(2).

We deny discretionary review of the two simple assault convictions. For starters, Wassom chiefly relies on constitutional arguments that were never made below. That Wassom did not receive constitutional rulings he never requested is not a substantial injustice. And Wassom has likewise failed to show the district

court's routine relevance ruling was so untenable that it warrants an exceptional grant of discretionary review. We therefore dismiss his attempted appeal from the two assault convictions for lack of appellate jurisdiction. *Cf. State v. Patterson*, 984 N.W.2d 449, 454 (Iowa 2023) (dismissing attempted appeal of restitution order in a dismissed simple misdemeanor case after denying certiorari and discretionary review).

### III. Evidentiary Challenge to False Imprisonment Conviction

Turning to Wassom's false-imprisonment conviction, he argues the district court erred by excluding his exhibits and the error justifies a new trial. The exhibits show five brief moments of contact or communications between Wassom and the victim in March, June, and September of 2023.

Again, much of Wassom's case on appeal turns on constitutional arguments never made to the district court. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Wassom argues he had no duty to raise his constitutional grievances once the district court ruled the evidence was irrelevant.[1] But even constitutional issues "must be presented to and ruled upon by the district court in order to preserve error for appeal." *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (holding that a due-process claim based on ending a juvenile "hearing without allowing [the

---

[1] Wassom contends that once the court ruled the evidence inadmissible, defense counsel "would have been laughed out of the courthouse" had counsel raised constitutional objections. But if the evidence was so critical that excluding it deprived him of his constitutional rights to cross-examine the victim, present a defense, and receive a fair trial, any motion alerting the court to those constitutional deficiencies would be no laughing matter.

party] to present more evidence and to testify" was not preserved); *see also State v. Petithory-Metcalf*, No. 14-1478, 2016 WL 530241, at *8 n.10 (Iowa Ct. App. Feb. 10, 2016) (considering only relevancy challenge to exclusion of defendant's evidence when constitutional confrontation challenge "was only briefly mentioned at trial and no specific arguments were presented to the district court" and "the court based its ruling on the relevancy of the evidence and not on any constitutional assertion"). Because Wassom's constitutional issues are not preserved, we cannot decide them on appeal. And we thus only consider whether the district court abused its discretion when finding Wassom's five exhibits were irrelevant. *See State v. Tucker*, 982 N.W.2d 645, 652 (Iowa 2022).

Only relevant evidence is admissible. Iowa R. Evid. 5.402. Evidence is relevant if "[i]t has any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Iowa R. Evid. 5.401. "Whether the necessary minimum level of logical connection between the offered evidence and the fact to be proven exists is a legal question lying within the broad discretion of the trial court." *State v. Thompson*, 954 N.W.2d 402, 407 (Iowa 2021) (cleaned up).

Wassom renews two theories of relevance on appeal. Neither succeeds. First, he argues the evidence shows the victim was no longer afraid of Wassom. But the victim's subjective fear of Wassom either during the event or after plays no role in the jury's false-imprisonment calculus. To convict Wassom of false imprisonment, the jury needed only to find Wassom intentionally confined the victim, against her will, without a reasonable belief that he had a right or authority to confine her. *See* Iowa Code § 710.7. Evidence showing Wassom and the victim

interacted two, five, or eight months later does not make it more or less probable that Wassom unreasonably confined her in the car against her will that night.

Second, Wassom asserts the evidence shows the victim maintained a relationship with him, which he believes undermines her credibility. We disagree. Again, for the victim's state of mind, the jury was only tasked with resolving whether she was held against her will that January night. The district court did not exceed its substantial latitude to police admissibility when it found the months-later interactions—which appear to have been on the victim's own terms—do not make it more or less likely that she was confined against her will that evening. Finding no abuse of discretion, we thus affirm Wassom's false-imprisonment conviction.

**APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**