# IN THE COURT OF APPEALS OF IOWA

No. 23-1949
Filed February 5, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**FRANK JOHN BERWANGER IV,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Delaware County, William Patrick Wegman (Motion to Suppress) and Monica Zrinyi Ackley (Trial), Judges.


A defendant challenges his convictions for eluding, criminal mischief, and interference with official acts. **AFFIRMED.**


Matthew L. Noel of Noel Law Office, Dubuque, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.


Heard by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

Frank Berwanger was stopped by a law enforcement officer for a faulty taillight. After Berwanger was directed back to the patrol vehicle to discuss the taillight and issues with Berwanger's insurance and driver's license, Berwanger bolted away from the officer back to his pickup. Despite being told to stop and later tased, Berwanger fought off the officer's attempts to stop him and drove off. He led multiple officers on a high-speed chase for around twenty-five minutes. During the chase, Berwanger drove into a farm field to evade capture and charged through a barbed-wire fence before reentering the roadway. He was eventually apprehended after an officer was able to ram his vehicle out of control.

Based on his conduct, Berwanger was charged with several crimes and a jury found him guilty of criminal mischief (for breaking the barbed-wire fence), interference with official acts,[1] and eluding. Berwanger appeals. He contends the

---

[1] Although charged with interference with official acts causing bodily injury, a serious misdemeanor, the jury found Berwanger guilty of the lesser included offense of interference with official acts, a simple misdemeanor. Because this conviction is for a simple misdemeanor, Berwanger has no appeal as a matter of right for that conviction. *See* Iowa Code § 814.6(1)(a)(1) (2023). Instead, only discretionary review is available. *Id.* § 814.6(2)(d); *see also Tyrrell v. Iowa Dist. Ct.*, 413 N.W.2d 674, 675–76 (Iowa 1987) (holding that a defendant charged with an indictable offense but only found guilty of a lesser-included simple misdemeanor can only seek discretionary review rather than appeal as a matter of right). Although Berwanger filed a notice of appeal rather than an application for discretionary review, we do not dismiss the appeal; rather, we proceed as though the proper form of review had been requested. *See* Iowa R. App. P. 6.151. We decline to grant discretionary review of Berwanger's conviction for interference with official acts as we find none of the grounds that would justify granting it to exist. *See* Iowa R. App. P. 6.106(2). We reach this conclusion in part based on our resolution of the merits on his other challenges. The same reasoning that causes us to reject his challenges based on the traffic stop and the self-defense jury instruction would cause us to reject his like challenges to the interference-with-official-acts conviction. We will not address the interference-with-official-acts conviction further.

district court erred by (1) failing to grant judgment of acquittal on the criminal-mischief charge due to insufficient evidence of intent; (2) denying his motion to suppress challenging the legality of the initial stop; and (3) failing to give a justification jury instruction.

**I.      Sufficiency of the Evidence of Criminal Mischief**

Berwanger challenges the sufficiency of the evidence supporting his criminal-mischief conviction.  We review challenges to the sufficiency of evidence for correction of errors at law.  *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023).  The jury's verdict will be upheld if supported by substantial evidence.  *Id.*  Evidence is considered substantial if it could convince a rational fact finder of the defendant's guilt beyond a reasonable doubt.  *Id.*  We "view the 'evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record.'"  *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

> The marshaling instruction on this charge required the State to prove:
>
>     1.    On or about the 23rd of March, 2023, the defendant damaged or destroyed property belonging to [a farmer] consisting of a barbed wire partitioning a portion of his field.
>     2.    The defendant acted with the specific intent to damage or destroy the property.
>     3.    When the defendant damaged or destroyed the property, he did not have the right to do so.

Because Berwanger made no objection to this instruction, it became the law of the case for purposes of assessing his sufficiency-of-the-evidence challenge.  *See State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020).

Berwanger contends the evidence was insufficient to prove he acted with the specific intent to damage or destroy the fence.  His claim is based largely on

his trial testimony that he did not intentionally hit the fence because it was late at night and he could not see it. But the State presented competing evidence. That evidence included testimony and video evidence that Berwanger fled from the traffic stop at high speed. As part of his efforts to avoid capture, Berwanger drove his vehicle off the roadway into a farm field where he drove parallel to the roadway from which the officer tracked him. As Berwanger approached an intersecting road at the end of the field, Berwanger turned his pickup and ran it through the barbed-wire fence forming the boundary between the field and the ditch beside the road on which the officer was traveling. After blasting through the fence, Berwanger drove his truck through the ditch and onto the road and continued to flee.

Berwanger's challenge asks us to weigh the evidence differently than the jury did, and that is not something we can do. *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). It is ultimately the jury's responsibility to resolve conflicts in and weigh the evidence. *Id.* The jury was given the following instruction on determining specific intent:

> Because determining defendant's specific intent requires you to decide what he was thinking when an act is done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

Based on our review of the evidence in the light most favorable to the State, a reasonable juror could conclude that Berwanger had the specific intent to damage or destroy the fence. A reasonable juror could conclude that the fence was a visible barrier and Berwanger intentionally broke through it in his effort to evade

capture. Damage to the fence was a natural result of Berwanger's decision to drive through it.

Berwanger's only challenge is to the specific-intent element of the offense, and there is substantial evidence supporting the jury's verdict finding Berwanger had the requisite intent. Accordingly, we reject his challenge to the sufficiency of the evidence supporting his conviction for criminal mischief.

## II. Motion to Suppress

Berwanger also challenges the district court's denial of his motion to suppress challenging the legality of the initial traffic stop. Because the challenge is based on constitutional grounds, the standard of review is de novo. *See State v. Cyrus*, 997 N.W.2d 671, 676 (Iowa 2023). While Berwanger emphasizes that the videos of the traffic stop were the only evidence submitted at the suppression hearing, with our de novo review, we consider both the evidence introduced at the suppression hearing and the evidence introduced at trial. *See State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). With de novo review, we give deference to the district court's fact findings but are not bound by them. *Cyrus*, 997 N.W.2d at 676.

An officer is permitted to seize a motorist via a traffic stop if the officer has probable cause or reasonable suspicion to believe the motorist violated a traffic law. *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019). Here, the officer had probable cause and reasonable suspicion to believe Berwanger was violating a traffic law. Iowa law requires rear lamps on vehicles:

> Every motor vehicle . . . shall be equipped with a lighted rear lamp or lamps, exhibiting a red light plainly visible from a distance of five hundred feet to the rear. All lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment.

Iowa Code § 321.387.

Video and testimonial evidence introduced at trial established that the officer who initiated the stop could see something amiss with Berwanger's taillight when the two vehicles passed each other on the road. When the officer turned around to follow Berwanger's vehicle, the video shows the right taillight of the vehicle being distinctly dissimilar to the left, suggesting one of the originally manufactured lights was not kept in working condition or replaced with equivalent equipment. Further, the officer testified that when Berwanger's vehicle would go over potholes on the road, the light would flicker off and on. The officer's observations were confirmed after the stop was made. Body camera audio and video shows the right taillight of Berwanger's pickup was missing and had been covered up by a makeshift rigging of tow lights. The officer immediately told Berwanger that the reason he pulled him over was because of the "jimmy rigged" taillight that was not working properly and would start flashing on and off every time the truck hit a pothole.

Based on our de novo review, we conclude the officer had probable cause and reasonable suspicion to conclude that Berwanger was operating his pickup in violation of section 321.387 at the time the initial stop was made. *See State v. Struve*, 956 N.W.2d 90, 95 (Iowa 2021) ("The purpose of an investigatory stop is to allow a police officer to confirm or dispel suspicions of criminal activity through reasonable questioning." (quoting *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002))). The district court was correct to deny Berwanger's suppression motion.

Before leaving this issue, we point out that, even if the initial stop had been illegal, Berwanger's suppression motion should still have been denied under the new-crime exception to the exclusionary rule. The new-crime exception is based on the principle that even if an initial arrest is unlawful, a defendant has no right to resist it. *State v. Wilson*, 968 N.W.2d 903, 915 (Iowa 2022). We conclude that the same principle would apply to a claimed unlawful detention. Berwanger's case is not a situation where the evidence supporting Berwanger's convictions came from the discovery of existing evidence following the stop. Instead, all of Berwanger's convictions stemmed from his conduct that occurred after the stop had taken place. Even if we assumed for the sake of argument the officer unlawfully stopped Berwanger, Berwanger had no right to elude the officer or damage the farmer's fence. As he had no such right, Berwanger's suppression motion fails even if the initial stop had been unlawful.

Accordingly, we affirm the district court's decision to deny the motion to suppress.

## III.     Jury Instruction on Justification

Finally, Berwanger contends the district court erred by not instructing the jury on self-defense justification. Challenges to jury instructions are reviewed for correction of errors at law. *State v. Ross*, 986 N.W.2d 581, 584 (Iowa 2023). The district court is required to give a requested instruction when the instruction correctly states a rule of law that applies to the facts of the case and addresses a concept not covered by other instructions. *State v. Kraai*, 969 N.W.2d 487, 492 (Iowa 2022). As justification is an affirmative defense, Berwanger had the initial burden of producing sufficient evidence to support giving a justification instruction.

*See State v. Kuhse*, 937 N.W.2d 622, 627–28 (Iowa 2020). If Berwanger met that burden, the burden would then shift to the State to prove lack of justification beyond a reasonable doubt. *See id.* at 628.

Assuming without deciding that error was preserved on this issue, we conclude Berwanger's claim fails for at least two reasons. First, we are aware of no authority, and Berwanger cites none, that applies self-defense to the crimes of eluding or criminal mischief. As no authority points to such application, we decline to apply self-defense to those crimes. Second, Berwanger did not meet his initial burden to produce sufficient evidence to support giving self-defense instructions. His claim is based on his testimony that, while he was questioning the legitimacy of the stop to the officer before he fled, he felt uneasy about the situation because of the isolated location (on a gravel road) and time of night. But nothing in the record suggests the officer's behavior was threatening or anything less than professional prior to Berwanger fleeing. Berwanger was aware the officer was going to issue him a citation, and even though he was not under arrest it was clear he was not free to leave. The moment he ran back to his truck as the officer yelled at him to stop, Berwanger had committed interference with official acts and gave the officer an independent cause to arrest him. *See State v. Knight*, 853 N.W.2d 273, 278 (Iowa Ct. App. 2014).

Further, self-defense is a form of justification that permits a person to use "reasonable force when the person reasonably believes that such force is necessary to defend oneself . . . from any actual or imminent use of *unlawful* force." Iowa Code § 704.3 (emphasis added). The officer used no unlawful force here. As previously noted, even had the officer's stop been unlawful—and it wasn't—

Berwanger had no right to resist his detention. *See Wilson*, 968 N.W.2d at 915. As no unlawful force was being applied, Berwanger's actions were not justified as a matter of law. As such, he was not entitled to a self-defense justification instruction, and the district court was correct to deny his request for such an instruction.

## IV. Conclusion

There is substantial evidence supporting Berwanger's conviction of criminal mischief. The stop of Berwanger's vehicle was lawful, so his suppression motion was meritless. As Berwanger was not permitted to use force to avoid his continued lawful detention, he was not entitled to a justification jury instruction. Finding the district court committed none of the errors claimed by Berwanger, we affirm.

**AFFIRMED.**